CASE 28.—ACTION BY R. M. CUNNINGHAM AGAINST THE STANDARD CONSTRUCTION COMPANY FOR THE PRICE OF CERTAIN LUMBER.—June 3, 1909.

# Cunningham v. Standard Con= struction Co.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

From a judgment of dismissal plaintiff appeals.— Affirmed.

1. Accord and Satisfaction—Part Payment of Undisputed Claim —Effect.—Where one owes a fixed sum, a payment or tender of a less sum, accompanied by the statement that it is in full, accepted by the creditor, does not defeat a collection of the balance; there being no consideration for the surrender of the balance.

2. Accord and Satisfaction—Part Payment of Disputed Claim— Effect.—Where the parties do not agree on the amount of the indebtedness, and the debtor tenders a less sum than that claimed by the creditor in satisfaction and the creditor accepts it, the obligation is discharged.

3. Accord and Satisfaction—Terms of Tender.—The right to name the terms on which a tender by a debtor in payment of a disputed claim shall be accepted rests alone with the debtor, and the creditor must either accept the tender with the conditions attached or reject it.

4. Accord and Satisfaction—Part Payment of Disputed Claim— Effect.—A materialman sold lumber to a contractor subject to inspection and acceptance by the engineer of the owner. A part of the lumber delivered was rejected by the engineer after the same had been put into the building, and the contractor threw the same aside, and notified the materialman of the rejection. A dispute arose as to the liability of the contractor for the rejected lumber, and he sent a check to the materialman for the amount which he claimed was due

Cunningham v. Standard Construction Co.

in settlement. The materialman accepted the check. Held, that the payment and acceptance was an accord and satisfaction.

C. B. SEYMOUR for appellant.

## CLASSIFICATION.

1. Appellee accepted the lumber furnished by appellant. Using, painting and destroying the flooring is an acceptance. Benjamin on Sales, Sec. 740.

2. By using the lumber before inspection appellee waived the right to an inspection.

3. There is not proof of an accord and satisfaction. A. An accord is an agreement and requires a consideration. Cyc, Vol. 1, p. 307; Nassoiy v. Tomlinson, 148 N. Y. 329; Cyc, Vol. 1, p. 311, p. 329; Watson v. Elliott, 57 N. H. 513. B. In case of unliquidated claims the concessions made by one is a good consideration for the concession made by the other. Cyc, Vol. 1, 329.

4. In the case at bar there was no new agreement; there was no consideration; there was no concession.

5. The claim of Cunningham was not an unliquidated claim. A. Its amount could be ascertained by a mere arithmetical calculation.

6. In this State payment of a part of a claim which is neither prospective nor contingent is not a satisfaction of the whole claim although so expressed: Robert v. Barnum, 80 Ky. 28; Akers v. Central Kentucky L. Asylum, 10 Ky. L. R. 817; Rackers v. National Bank, 9 Ky. L. R. 400; Newman v. Evans, 5 Ky. L. R. 603; De Coursey v. Dicken, 1 Ky. L. R. 260; Williams v. Langford, 15 B. Mon. (Ky.) 566; Bryant v. Proctor, 14 B. Mon. (Ky.) 451; Vance v. Lukenbill, 9 B. Mon. (Ky.) 249; Cutter v. Reynolds, 8 B. Mon. (Ky.) 596; Tomlin v. McChord, 6 J. J. Marsh (Ky.) 1; Jones v. Bullitt, 2 Litt. (Ky.) 49; Fenwick v. Phillips, 3 Metc. (Ky.) 87; Cox v. Adelsdorf, (Ky. 1899) 51 S. W. 616.

7. To the same effect is People v. Hamilton County Supervisors, 56 Hun, 459.

8. There was no color of right for the contention of appellee for a rebate. Collateral contracts from the nature of the case can not be considered.

9. A debtor cannot by sending a check expressed to be in full, compel his creditor to receive it in full. Cumber v. Wane, 1 Strange 426.

10. The court below ought not to have found that Cunningham accepted that check as a satisfaction; it was perfectly plain that he refused so to accept it. Unless in case of a statute or a

controlling authority it ought never to be held that a thing is true as a matter of law which is palpably false as a matter of fact.

NORTON L. GOLDSMITH and BENJAMIN F. WASHER for appellee.

### AUTHORITIES CITED.

Fuller v. Kemp, 138 N. Y. 231; Connecticut River Lumber Co. v. Brown, 68 Vermont 240; Ostrander v. Scott, 161 Ill.342; Nassoy v. Tomlinson, 148 N. Y. 326; Frieburg v. Moffet, 91 Hun 19; Hutton v. Stottart, 83 Ind. 540; Washington Gas Co. v. Johnson 123 Pa. St. 593.

We submit that by every precedent the claim of appellant was not liquidated, and was and is, subject to the established principle governing accord and satisfaction.

OPINION OF THE COURT BY JUDGE LASSING.—Affirming.

The Standard Construction Company had a contract to build the office building of the Louisville & Nashville Railroad Company at Ninth and Broadway streets, in Louisville, Ky., and it purchased from appellant, R. M. Cunningham, a lot of maple flooring for use in said building. The contract under which this lumber was bought provided that it should be of a certain standard or grade, and that the chief engineer superintending the work for the Louisville & Nashville Railroad Co. should pass upon and determine the question as to whether or not the flooring so furnished was of the quality or grade called for by the contract. In other words, it was sold subject to inspection and acceptance by the chief engineer for the railroad company. In due time the flooring was shipped to the construction company, and was unloaded from the cars and put into the building. A large part, if not all of it, was put down; that is, nailed to the floor and shellacked. After this had

been done, it was inspected by the chief engineer for the railroad company, and a considerable part of it rejected. Thereupon the portions so rejected were taken up by the construction company and thrown aside. After a time Cunningham was notified that the rejected portions of this flooring did not conform to the requirements of the specifications, and he was requested to notify the company what should be done with it. In the meantime, however, the foreman of the construction company had disposed of a part of this rejected flooring. After he was notified that part of the flooring had been rejected, Cunningham discovered that it had been used in the manner indicated, and he refused to accept the rejected flooring, and insisted upon the construction company's paying him the contract price. This the company declined to do. At that time the balance due Cunningham under the contract price was $1,986.65. It admitted an indebtedness of $1,347.25. Thus matters stood for some time, and until after the following correspondence had passed between the parties in regard thereto:

"Nov. 6, 1906. Mr. R. M. Cunningham, 311 Urban Bldg. Louisville, Ky.—Dear Sir: We inclose our check for $1,347.25 in full settlement, or full payment for the maple flooring which you furnished us for the L. & N. Office Bldg., at Louisville, Ky. You will note that we have given you credit for $50.00 for the sale of some of the rejected flooring. Our superintendent disposed of this portion before he received instructions from us that it belonged to you, and that he must not sell any more without having an order or instructions from you in writing to do so. If you wish to have us dispose of the balance of the rejected

flooring for you, we will do so as an accommodation, and will take the same interest in securing good prices, as if we were disposing of the flooring for ourselves. If you do not wish to dispose of it, let us know where you would like to have it delivered, and we will send it to said place. If you would like to have it put on cars, we will have it hauled to the cars for you. The charges for the use of the hoists are charges made for using the elevator for the condemned flooring. If you desire any further information regarding the account please consult our Louisville office or write to us, and we will willingly furnish any information which you may desire. Yours truly, Standard Construction Company, by B. Hyde, Sec. & Mgr.''

"November 9, 1906. Standard Construction Company, Chicago, Ill.—Gentlemen: Please accept my thanks for your check for thirteen hundred and forty-seven dollars and twenty-five cents ($1,347.25) for which I have credited your account. You stated you wanted to tender this in full payment. Of course I don't even expect you thought I would accept it, and I will at least try to collect what is due me. Yours truly R. M. Cunningham."

"Nov. 10, 1906. Mr. R. M. Cunningham, Louisville, Ky.—Dear Sir: Yours of the 9th inst. received. We sent you our check for $1,347.25 in ours of the 6th inst., with the distinct understanding that it was offered in full settlement of the account, and therefore if you keep it we shall consider that you have accepted it in full payment. If you do not wish to accept it in full settlement, then please return it. You have not yet informed us what disposition you wish to have made of the flooring which was rejected, and which

belongs to you. Please let us know what you would like to have done with it. It will surely be ruined by the first snow storm or two, or by rains, and we would therefore advise you to inform us where you would like to have it stored, or hauled for you. Yours truly, Standard Construction Company, by B. Hyde, Sec. & Mgr."

Shortly after the conclusion of this correspondence Cunningham filed this suit, wherein he sought to recover of the construction company a balance of $639.39, which he claimed to be due him on his bill.

In addition to traversing the material averments of the petition the construction company pleaded affirmatively that the flooring furnished was never accepted by the chief engineer as the contract provided, but, on the contrary, was rejected when inspected by him; and, second, that after the controversy arose between them, it paid to the plaintiff the sum of $1,347.25 in settlement and satisfaction of the disputed claim amounting to $1,986.65. Issue was joined, proof taken and the case submitted to the chancellor for judgment; and upon consideration he found in favor of defendant, and dismissed the petition. From this ruling and judgment, the plaintiff Cunningham prosecutes this appeal.

The chancellor rested his judgment in dismissing the petition upon the idea that the plea of accord and satisfaction interposed by the defendant was good. For appellant Cunningham it is insisted that the receipt and retention by him of the check for $1,347.25, although accompanied by the letter stating that it was in full settlement and satisfaction of his claim, does not deprive him of the right to collect the balance of his claim for the reason that the check so tendered

him was not accepted by him in full settlement, but only on account, as his letter in response to the letter inclosing the check plainly shows; while for appellee it is insisted that, as the money tendered belonged to appellee, it had the right to name the terms and conditions upon which it should be received by appellant, and that appellant had one of two courses open to him, either to accept the check upon the terms named by appellee or else return it, that he could not retain the check and appropriate it to his own use upon the terms named by himself; and this is the question in the case.

No question is more thoroughly settled than that, where one owes a fixed and definite sum, the payment or tender of a sum less than the amount of the debt, even though accompanied with a statement that it is in full, though accepted by the creditor, does not operate to defeat him from collecting the balance of his debt, for the reason that there is no consideration for the surrender of the unpaid portion. There is nothing to support a consideration in such a case; but an entirely different rule obtains in that class of cases where the parties do not agree upon the amount of the indebtedness, and in such cases it has uniformly been held that, where a sum less than that claimed by the creditor is offered by the debtor in settlement or satisfaction of the claim, its acceptance and retention by the creditor discharges the obligation, and in such cases the creditor has been denied the right, after accepting the conditional offer, to collect the balance of his debt.

In the case of Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695, the principle here under consideration was in-

volved, and the court, in passing upon it, said: "The plaintiff could only accept the money as it was offered, which was in satisfaction of his demand. He could not accept the benefit and reject the condition; for, if he accepted at all it was cum onere. When he indorsed and collected the check referred to in the letter asking him to sign the enclosed receipt in full, it was the same in legal effect as if he had signed and returned the receipt because acceptance of the check was a conclusive election to be bound by the condition upon which the check was offered. The use of the check was ipso facto an acceptance of the condition. The minds of the parties then met so as to constitute an accord. * * * The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference from the transaction."

In Connecticut River Lumber Company v. Brown, 68 Vt. 239, 35 Atl. 56, while discussing this question, the court said: "The doctrine running through the cases is that where a person makes the offer of a certain sum to settle a claim, when the sum in controversy is open and unliquidated, or honestly believed by him to be so, and attaches to his offer the condition that the same, if taken at all, must be received in full, or in settlement, or in satisfaction of the claim in dispute, if the party receives the money he takes it clogged with the condition which the other party attached to it, and it operates as a satisfaction of the claim notwithstanding the creditor does not intend it to have such effect, and so declared when he receives the money."

And in the case of Ostrander v. Scott, 161 Ill., 339, 43 N. E. 1089, in passing upon a case

very like the one under consideration, the court said: "The authorities are numerous and uniform that a payment of a part of a fixed and certain demand which is due and not in dispute is no satisfaction of the whole debt, even where a creditor agrees to receive a part for the whole, and gives a receipt for the whole demand. This doctrine rests upon the ground that the agreement for a discharge of the entire debt is without consideration. But it is limited to cases where the debt is of the character stated. It has no application to the honest settlement of unliquidated or disputed demands. The rule disregards the actual intention of the parties, and if the balance due is disputed, and the subject of an honest settlement and adjustment by the parties, such settlement will bar a recovery. It is claimed that the account of the plaintiff was liquidated because its terms were not disputed. But if there was a controversy over a set-off, and the balance due the plaintiff was fairly in dispute, the claim could not be treated as liquidated."

The Supreme Court of Indiana in Hutton v. Stoddart, 83 Ind. 540, thus states the rule: "By the terms of this contract nothing was due until the 31st of December, and when the appellees sent the check of $400 to the appellant's assignor in full settlement of the claim, with instructions to return the check if not satisfactory, his retention of the money was an acceptance of the proposition, and the payment thus made though less than the contract price, was a complete satisfaction of the whole claim. Aside from this, there was a dispute between the parties which was sufficient to sustain a compromise, and thus render the payment of a part of the claim a complete satisfaction of the whole debt."

In Washington Gas Co. v. Johnson, 123 Pa. 576, 16 Atl. 799, 10 Am. St. Rep. 553, the court said: "The party paying money has the right to direct its appropriation. It was the plain duty of the lessor to accept the check for the purpose for which it was offered or return it. * * * The refusal to return it after this explicit direction ought to be regarded as an election to accept it for the purpose for which it was offered, namely, as payment in full for all rents due upon the lease."

All of the authorities are in harmony with those which we have cited, and in each particular case where accord and satisfaction is relied upon as a defense, if it is made to appear that there is a dispute between the parties as to the amount due, and that a sum less than the amount in dispute is tendered by the debtor to the creditor in satisfaction of the claim, and accepted by the latter, the plea has been upheld. The right to name the terms upon which the tender shall be accepted rests alone with the debtor. He makes his own terms, and the creditor must either accept the tender burdened with the conditions thereto attached by the debtor or else reject it. The appellant in this case, having received the check accompanied by the letter of appellee to the effect that it was in full settlement and satisfaction of the claim asserted, if he had been unwilling to accept it in satisfaction of his claim, should have returned it to appellee. Having failed to do so, cashed the check, and appropriated the proceeds to his own use, he will not now be heard to say that he received it upon terms other than those named by appellee.

The plea of accord and satisfaction being abundantly supported by the evidence in the record, we are of opinion that the judgment of the chancellor was correct, and it is therefore affirmed.