## Sanders v. Standard Wheel Company.

### (Decided December 17, 1912.)

### Appeal from Madison Circuit Court.

1. Pleading—Plea of Accord and Satisfaction—Sufficiency of Pleading.—In an action to recover a balance due upon a contract, the rejoinder of the defendant to the plaintiff's reply being in effect but a restatement of the matter set out in the answer as amended, a surrejoinder was not necessary to complete the issue, the answer and reply perfecting the issue of accord and satisfaction set up in the answer.

2. Contracts—Plea of Accord and Satisfaction—Bar.—Appellee upon receipt of a shipment of spokes from appellant sent the latter its check for a sum less than it had agreed to pay. Appellant returned the check to appellee stating that he would not accept it, asking that the spokes be returned to him, or a check sent according to invoice, and enclosed check to cover the freight on the spokes if they were shipped to him. Appellee, thereupon, again sent the check to appellant, which he cashed and sued it for the balance of the contract price. Held, That the letter accompanying the check upon its return to appellant was not such as was calculated to apprise him of the fact that it was intended as a payment in full. The facts show the minds of the parties had not met, and the trial court erred in holding as a matter of law that the cashing of the check under the circumstances constituted a bar to the right of appellant to prosecute his claim for the balance due under the contract.

3. Tender—Statement Accompanying Tender.—The tender of a sum less than the contract price, in settlement of a disputed claim, must be accompanied with a statement, not which may be understood by the creditor as intended to be in full settlement and satisfaction of the claim, but which must be so understood by him.

L. M. MORANCY, W. S. MOBBERLY and J. S. FULLERTON for appellant.

GREENLEAF & HERRINGTON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Alva Sanders, of Ashland, Kentucky, entered into a contract with the Standard Wheel Company of Terre Haute, Indiana, by the terms of which, he agreed to sell and deliver to the company, for the sum of $1,574.74, a carload of club-turned spokes, delivery to be made at the company's place of business in Terre Haute, Indiana, and subject to its inspection and acceptance. Shortly thereafter a carload of spokes was shipped to the com-

pany.   Upon examination, the spokes, according to
the contention of the company, did not, in all par-
ticulars, meet the requirements of the contract.   After
such examination and inspection, it sent to Sanders
an invoice of same, accompanied by its check for
$1,280.99.   Upon the invoice there appeared the follow-
ing printed matter:

"Payment in full of the above invoices and payee ac-
cepts it as such by endorsement of check.   If satisfac-
tory, no acknowledgement necessary."

Upon receipt of this invoice and check, Sanders, on
March 1, 1911, wrote the company the following letter:

"March 1, 1911.

"The Standard Wheel Company,
        "Terre Haute, Ind.
"Gentlemen:
   "I am enclosing herewith your check for $1,280.99.
The same will not be accepted by me.   Please return my
spokes to me or send me check for same according to
my invoice price.   I am enclosing my check to cover
freight on spokes if same are returned to me, in return-
ing spokes be sure you get them all loaded.
                    "Yours truly,
                        "ALVA SANDERS."

On March 10th, the Standard Wheel Company wrote,
in response, this letter:

"March 10, 1911.

"Alva Sanders Spoke Factory,
        "Ashland, Ky.
"Gentlemen:
   "Yours of March 1st was received while the writer
was in New Orleans, hence no reply sooner.   The en-
closed check is in accordance with our inspection of the
car of spokes you shipped us.   If you will refer to our
letter, it provides for our inspection.
   "We do not buy spokes for ornaments, but to put
in wheels and some of the spokes you shipped us are now
in wheels, the material being fairly dry when we re-
ceived it.   It is, therefore impossible to return the spokes
to you.
   "However, if you come here, we can convince you
and show you the percentage of D. & E. that we got out
of this material when it came on the sorting bench.

"We, therefore, return our check as well as the one you sent us for freight.

"Very truly yours,
"STANDARD WHEEL Co.,

"M. Enclosures.                              President."

Thereafter Alva Sanders cashed the check for $1,-280.99 and brought suit against the Standard Wheel Company to recover the balance of the money claimed to be due him under their agreement. The defendant denied that it owed plaintiff anything whatever, and, in an amended answer, pleaded accord and satisfaction and, in support of said plea, filed the check and invoice referred to. To this answer and plea, plaintiff replied, traversing the affirmative matter therein and, in addition, alleged that there was no letter or statement accompanying the check advising him that it was in full settlement of his claim. With this reply, was filed the letter sent by him to defendant, referred to and copied above. The defendant thereupon filed its rejoinder, and with it, the letter last above referred to. To this rejoinder plaintiff filed no responsive pleading. The defendant thereupon moved the court to take the allegations of the rejoinder as confessed. The court, upon consideration, sustained this motion and entered a judgment dismissing the plaintiff's suit, and from that order and judgment he prosecutes this appeal.

The sole question raised is as to the sufficiency of the plea of accord and satisfaction. Appellant, in his reply, after denying the affirmative matter of the answer as amended, in which the plea of accord and satisfaction was set up, alleged that the letter which accompanied the check, when it was returned to him by appellee, failed to advise that it was intended as a full and complete settlement of his claim. The rejoinder was, in effect, but a restatement of the matter set out in the answer as amended. We are of opinion that no surrejoinder was necessary to complete the issue, for the answer and reply perfected the issue on this plea.

The correctness of the court's ruling depends upon whether or not the exhibits, filed with the several pleadings, support the contention of appellee that the check for $1,280.99 was tendered to and finally accepted by appellant, in satisfaction of his claim. In 1 Cyc., page 331, the author accurately states the essentials necessary to constitute an accord and satisfaction, as follows:

"In order that the payment of a smaller sum than demanded shall operate as a satisfaction of the claim it must be accepted as such. Where a person accepts a tender, but not in full of all demands, this acceptance will not conclude him from claiming more. The nature of the offer or tender by the debtor is an important consideration in determining whether there has been an acceptance and satisfaction. To constitute an accord and satisfaction it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions."

In Cunningham v. Standard Construction Co., 134 Ky., 198, this court had under consideration a question, in many respects, similar to that raised in the case at bar. The authorities are, in that opinion, reviewed at length, and, in their controlling principles, found to be in harmony with the text above quoted, the court saying:

"No question is more thoroughly settled than that, where one owes a fixed and definite sum, the payment or tender of a sum less than the amount of the debt, even though accompanied with a statement that it is in full, though accepted by the creditor, does not operate to defeat him from collecting the balance of his debt, for the reason that there is no consideration for the surrender of the unpaid portion. There is nothing to support a consideration in such a case; but an entirely different rule obtains in that class of cases where the parties do not agree upon the amount of the indebtedness, and in such cases it has uniformly been held that, where a sum less than that claimed by the creditor is offered by the debtor in settlement or satisfaction of the claim, its acceptance and retention by the creditor discharges the obligation, and in such cases the creditor has been denied the right, after accepting the conditional offer, to collect the balance of his debt."

After citing authorities from many states supporting this view, the opinion continues:

"All of the authorities are in harmony with those which we have cited, and in each particular case where accord and satisfaction is relied upon as a defense, if it is made to appear that there is a dispute between the parties as to the amount due, and that a sum less than

the amount in dispute is tendered by the debtor to the creditor in satisfaction of the claim, and accepted by the latter, the plea has been upheld. The right to name the terms upon which the tender shall be accepted rests alone with the debtor. He makes his own terms, and the creditor must either accept the tender burdened with the conditions thereto attached by the debtor or else reject it."

Applying these principles to the case under consideration, we find that the invoice and check, by which it was accompanied, must be read and considered together, and when so read, no one of ordinary intelligence could fail to understand that, if the check was accepted, it would necessarily be in full settlement and satisfaction of the claim. Appellant did not accept this proposition, but, as is evidenced by his letter, rejected it, and not only returned the check to appellee, but also enclosed in the letter his own check to cover the cost of reshipment of the spokes to him, and requested that appellee exercise care to see to it that all of the spokes were returned. He was evidently not satisfied with the invoice, and certainly unwilling to accept the amount tendered to him. After the lapse of a week or ten days appellee, through its president, wrote this second letter, and with it returned the same check which had been tendered in its first letter to appellant. This letter does not say that the check must be received in settlement of the claim, if it is accepted, nor is there any reference in this letter to the invoice which accompanied the first letter. The right to inspect is asserted; and this right appellant had not denied. There are two significant statements. One is to the effect that the spokes could not be returned, for the reason that some of them had been used; and the second is an invitation to appellant to visit its plant to satisfy himself with the inspection and invoice, as made by appellee. Now, this letter is clearly open to two constructions. It is susceptible to the construction given it by appellee and his counsel. This construction, however, can only be given it when it is read in connection with the first letter, in which the invoice was enclosed. It is likewise susceptible to another construction, and that is that appellee was willing to negotiate with appellant further, with the view of adjusting their differences, and it was in this light that appellant understood it, or else he would not have cashed the check. That this letter is susceptible to this construction is

easily shown. For, suppose appellant had accepted appellee's invitation and gone to its plant in Terre Haute and, upon investigation, it was found that appellant was entitled to more money, would the plea of accord and satisfaction have been available and would he have been estopped from collecting the balance found to be due him over and above what he had received? Certainly not. The tender of a sum less than the contract price, in settlement of a disputed claim, must be accompanied with a statement, not which may be understood by the creditor as intended to be in full settlement and satisfaction of the claim, but which must be so understood by him. That is, the statement must be so clear, full and explicit that it is not susceptible of any other interpretation. To hold otherwise would put it in the power of a sharp, shrewd business man frequently to take advantage of the ignorant, uneducated, or unwary, and open the way, in the business and commercial world, to the perpetration of frauds rather than the honest settlement of disputes. In our opinion, the letter in the case at bar which accompanied the check upon its second return to appellant was not such as was calculated to apprise him of the fact that it was intended as a payment in full, or, at least, it was not such a letter as did not leave this question in doubt. The minds of the parties had not met. Where the facts surrounding a transaction show that the minds of the parties have not met, a tender and acceptance of a sum, less than the full amount of the demand, may not be regarded as an accord and satisfaction. Louisville, New Albany & Chicago Ry. Co. v. Helm & Bruce, 22 Rep., 964. The trial court erred, therefore, in holding, as a matter of law, that the cashing of appellee's check by appellant, under the circumstances disclosed in the exhibits, constituted a bar to the right of appellant to prosecute his claim for the balance due him under his contract.

For the reasons indicated, the judgment is **reversed** for further proceedings consistent herewith.