BERGMAN PRODUCE CO. v. BROWN.

(Court of Civil Appeals of Texas. Amarillo. April 12, 1913. Rehearing Denied May 17, 1913.)

1. EVIDENCE (§ 448*)—PAROL EVIDENCE TO VARY WRITING—CHECK.

Where defendant wrote on his check, "Given in full payment of account for the months of June and July," it became an unambiguous contract which could not be contradicted by showing that it was a full settlement of the balance upon the account for previous months.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082, 2084; Dec. Dig. § 448.*]

2. ACCORD AND SATISFACTION (§ 26*)—COMPROMISE AND SETTLEMENT (§ 23*)—EVIDENCE—BURDEN OF PROOF.

In order that the payment of less than the entire sum due shall become an accord and satisfaction of the greater liquidated sum, the party claiming the accord and satisfaction must sustain the burden of exhibiting a bona fide controversy or dispute.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 162–165; Dec. Dig. § 26;* Compromise and Settlement, Cent. Dig. §§ 91–94; Dec. Dig. § 23.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

3. ACCORD AND SATISFACTION (§ 8*) — COMPROMISE AND SETTLEMENT (§ 6*)—PART PAYMENT — CONSIDERATION — DISPUTE AS TO AMOUNT DUE.

Where a certain sum is due from one person to another, a release of the entire sum, upon payment of a part, is without consideration, and the creditor may still sue and recover the balance; but, if there be a bona fide dispute as to the amount due, such dispute may be the subject of a compromise so that payment of a part will be a satisfaction of the entire claim.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 60–65, 84, 87; Dec. Dig. § 8;* Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. § 6.*]

4. ACCORD AND SATISFACTION (§ 10*)—COMPROMISE AND SETTLEMENT (§ 6*)—PART PAYMENT OF UNDISPUTED CLAIM—EFFECT.

A dispute with the creditor's agent that a less sum is due than the agent demands, and the sending of a check to the creditor without any imputation of notice of such a dispute, is not a sufficient dispute to support a satisfaction, but amounts merely to the tender of a less sum for a greater debt which, even though accompanied with a statement that it is in full and accepted by the creditor, operates only as a part payment and does not prevent the creditor from enforcing the balance of the debt.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 67–74; Dec. Dig. § 10;* Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. § 6.*]

5. ACCORD AND SATISFACTION (§ 12*)—CHECK CONDITIONED ON ACCOUNT AS PAYMENT IN FULL.

The creditor's acceptance of a check for a certain amount containing the debtor's indorsement, "Given in full payment of account for the months of June and July," operated as a settlement of the June and July accounts, but, although the amounts and items of goods sold during those two months were certain and the amounts of credits during that time was also certain, the court cannot, on mere conjecture, apply credits coincidently showing in those months upon account for such months, separate from the account for previous months.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 92, 93, 96; Dec. Dig. § 12.*]

6. TRIAL (§ 286*)—INSTRUCTIONS—"BOUND TO UNDERSTAND."

"Bound to understand," used in an instruction to the effect that the party to whom a check was offered in settlement of a larger amount was bound to understand from the tender that it was offered on condition of settlement, may mean an express scienter of the facts, aside from the implication of knowledge which, under certain circumstances, could be imputed whether he understood or not.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 700, 701; Dec. Dig. § 286.*]

Appeal from Cottle County Court; W. E. Prescott, Judge.

Action by the Bergman Produce Company against R. C. Brown. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

See, also, 141 S. W. 153.

Fires & Diggs, of Childress, D. E. Magee and W. H. Ratliff, both of Quanah, and Jas. M. Whatley, of Paducah, for appellant. R. D. Browne, of Paducah, for appellee.

HENDRICKS, J. This is a suit by the appellant, Bergman Produce Company, against the appellee, R. C. Brown, upon a verified account, claiming a balance of $396.34. The appellee admitted the account, except in so far as it might be defeated in whole or in part by the facts of his answer, which was based upon a purported settlement, claiming that the following checks constituted an accord and satisfaction of the balance claimed by the appellee, except the sum of $15.85, for the month of August, which he tendered into court:

"Brown & Jahn Kandy Kitchen. Paducah, Texas, June 3rd, 1910. Pay to the order of the Bergman Produce Co. $198.20, one hundred ninety eight and 20/100 dollars. To the First State Bank, Paducah, Texas. In full payment of account to June 1st, 1910. R. C. Brown."

"Brown & Jahn Kandy Kitchen. Paducah, Texas, August 2nd, 1910. Pay to the order of Bergman Produce Co. $441.90, four hundred forty one and 90/00 dollars. To the First State Bank, Paducah, Texas. Given in full payment of account for the months of June and July. R. C. Brown."

The verified account in this case exhibits itemized sales and amounts due therefor from and including February 28, 1910, to August 3d, inclusive, of the same year, amounting in the aggregate to the sum of $1,741.87, with running credits amounting to the sum of $1,345.53, leaving the balance sued for. It is not contended in this case that appellee is not legally liable for the goods purchased; if the purported settlements were not made, or the plea of accord and satisfaction was not sufficiently proven, the confession of the appellant's cause of action, except in so far as it may be avoided by the special plea, precludes inquiry into the sufficiency of said account. The theory of the appellee is that the payment of $198.20 to appellant, with the inscription on the check, on account of a dispute having arisen, to the effect that he owed a less amount, the appellant contending for a greater amount, the check for said sum constituted a settlement in full of the dealings between them to June 1, 1910.

[1] It seems also to be implied from the evidence that appellee contends that, as to the check for $441.90, it was not only a full settlement of the account for June and July between appellant and appellee, but also settled any prior balance contended for by appellant upon the account for previous months, even if the former check did not have that effect. We are not quite clear from the record in this cause that the appellee is contending for such a retroactive effect of the latter check for $441.90; but, if so, the testimony would contradict the check, which on the face of it is declared to be a full payment of the account for June and July, and the June and July accounts, in so far as the amounts are concerned, are distinct from the accounts of the previous months. If this check were

in full for June and July, the check could not operate as a settlement of the balance upon the account for the previous months, for if such balance were a just balance upon the account for those months, before the check was executed, when appellee wrote upon the check, "In full of accounts for the months of June and July," and the same was accepted by appellant, it then became an unambiguous contract, which, in the condition of the pleading in this cause, could not be contradicted by the statement that it was a full settlement for the balance on the accounts for February, March, April, and May, and appellee could not add to the unambiguous written contract to the extent indicated.

[2] Hence the principal controversy here must revert to the check of $198.20 in settlement of prior demands, and the burden was upon appellee to exhibit a bona fide controversy or dispute when a claim is based upon a liquidated demand, in order that the payment of less than the entire sum due will become an accord and satisfaction of the greater liquidated amount.

[3] Under the authorities, it is resolved upon the question of a new consideration to support the accord and satisfaction, otherwise the debtor has done no more than he is legally bound to do. The doctrine is so well settled in this state it is useless to discuss the cases, and the Supreme Court of the United States, in the case of Fire Insurance Association v. Wickham, 141 U. S. 577, 12 Sup. Ct. 87, 35 L. Ed. 866, expresses the doctrine as aptly as we are able to find in any of the reported cases: "The rule is well established that where the facts show clearly a certain sum to be due from one person to another, a release of the entire sum upon payment of a part is without consideration, and the creditor may still sue and recover the residue. If there be a bona fide dispute as to the amount due, such dispute may be the subject of a compromise and payment of a certain sum as a satisfaction of the entire claim; but where the larger sum is admitted to be due, or the circumstances of the case show that there was no good reason to doubt that it was due, the release of the whole, upon payment of part, will not be considered as a compromise, but will be treated as without consideration and void." Of course the doctrine applicable to the settlement of a liquidated demand is contradistinguished where the amount is unliquidated and uncertain, and the above rule does not apply. Also see the case of Franklin Insurance Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1016, for a full discussion by Chief Justice James of the Fourth District.

The testimony in this case conclusively shows that when appellee and Hook, the appellant's agent, had the dispute in regard to the amount of $198.20, contended for by the former as the amount then due, Hook protested and refused to accept such a settlement (accepting appellee's statement of the transaction); and on cross-examination he said, "It was about two weeks after I had the first dispute with Mr. Hook, and we could not agree on the amount I owed Bergman Produce Company, that I sent the check to them at Ft. Worth, Tex."—this check for $198.20, dated June 3, 1910. If he owed $198.20, according to his contention about two weeks before he executed the check and sent it, this itemized account exhibits a considerable amount sold by the appellant to the appellee the latter part of June, which could not have been taken into consideration by the latter when he wrote the check. The evidence also conclusively shows that Hook, the appellant's agent, lived in and traveled out of the town of Quanah, where the appellant had a branch house, and from which place the goods were shipped; appellant's principal place of business being at Ft. Worth, Tex., to which latter place Brown sent the check.

[4] If a greater liquidated demand is to be reduced by payment of a less sum, a dispute with one agent that a less sum is the proper amount due, and then sending a check to headquarters, without any imputation of notice of such a dispute to the corporation or to the other agent receiving the check, the consideration to support the settlement is lacking, for the reason that the burden is upon appellee to prove accord and satisfaction, and the consideration for it in this case is based upon an alleged bona fide dispute; but a mere dispute with one agent and sending the money to another is not sufficient, and the appellee is met with the plain principle merely of tendering a less sum for a greater debt; and, as the Supreme Court of Kentucky expressed it: "The payment or tender of a sum, less than the amount of the debt, *even though accompanied with a statement that it is in full, though accepted by the creditor,* does not operate to defeat him [the creditor] from collecting the balance of the debt, for the reason that there is no consideration for the surrender of the unpaid portion." Cunningham v. Construction Co., 134 Ky. 198, 119 S. W. 765, and quoted in Sanders v. Standard Wheel Co., 151 Ky. 257, 151 S. W. 675 (the latter a well-reasoned and illustrative case of the lack of meeting of minds upon a disputed account). There was not sufficient evidence in this case to support accord and satisfaction based upon the check of $198.20, in full of accounts to June 1, 1910, the amounts, credits, and the items of the account to that date having been conclusively proven, and the check tendered in full of said account not having been shown to have been based upon a dispute which the Bergman Produce Company or the agent receiving the check were cognizant of; hence the acceptance of the same and the condi-

tion of this record could only be considered as a part payment and not a payment in full. We are unable to reverse and render this cause on account of the matter of application of credits.

[5] Although the acceptance of the check of $441.92 settled the June and July accounts, whatever that may be, however, we are unable to deduce from the record upon just what this settlement was based. The amounts and items of goods sold during those two months are certain; the amount of the credits during that same period are also certain, gathered from the account; but we are unable to say these credits were allowed appellee referable to this particular settlement. Hook testified in regard to this check and the settlement of the accounts for those two months that he "gave him (appellee) credit for some little stuff and it brought it down to about that amount" (meaning the amount of the check); but we are unable to tell just what "stuff" it was or the estimated price or value of same. It would be mere conjecture to say that it consisted of the credits shown in June and July in the matter of the running accounts; and we are unable to arbitrarily apply credits which coincidently show in that month upon the account for that month, segregated from the account for previous months. Despite the invitation in appellant's brief to credit appellant with 10 per cent. discount to June 1, 1910, and prayer for rendition of the cause, we reverse and remand upon the facts, and the assignments are sufficient for that purpose. The expressions in the special charges that the checks must be tendered upon the "express condition," etc., or that the "party to whom it is offered is bound to understand" from the tender that it was offered on condition of settlement, may not be applicable to the facts of another trial.

[6] Facts might exist where a creditor should imply that the tender was made as a settlement based upon a bona fide controversy over the amount owing, without an "express condition" annexed to it; or a tender of an amount under the same conditions may be such as that a creditor should understand the purpose of the same; but if the party to whom it is offered "is bound to understand" from the offer that he accepts it in satisfaction of the whole amount, it might be susceptible of the construction that if he could have understood it, but did not understand it, he would be excused from the settlement. "Bound to understand" may mean an express scienter of the facts, aside from the implication of knowledge which under certain circumstances could be imputed whether he understood or not.

The main charge of the court is more affirmative for the defense than for the plaintiff; and the conclusiveness of the verified account as a liquidated demand, the balance of which the jury are to find against defendant unless they find it defeated by accord and satisfaction, setting out the elements of the latter, would, we believe, have been a more appropriate direction to the jury, of course casting the burden of proof upon the defendant. The court did this, however, more negatively for the plaintiff and affirmatively for the defendant than is usual; but, aside from this, the charge, we think, is sufficient as against the special charges submitted and is sufficiently expressed if the facts had only been sufficient to submit the issue to the jury, which was not the case.

Reversed and remanded.