**PRODUCT ADVANCEMENT CORP. v. PADUCAH BOX & BASKET CO.**

**Civ. A. No. 658.**

United States District Court
W. D. Kentucky, at Paducah.

Aug. 27, 1953.

Boyd, Boyd & Lowry, Paducah, Ky., Spencer, Johnson, Cook & Root, Chicago, Ill., of counsel, for plaintiff.

E. Palmer James, Paducah, Ky., for defendant.

SHELBOURNE, District Judge.

The plaintiff, Product Advancement Corporation, filed this suit September 2, 1952, against the defendant Paducah Box & Basket Company to recover judgment in the sum of $1,284.96, as the alleged remainder or balance due for royalties accruing between September 6, 1947 and January 31, 1950, for the licensed use of method and apparatus in the manufacture

of continuous stave, straight side, bent-bottom baskets.

Recovery was also sought of $1,368.44, amount of interest which plaintiff claimed had accrued upon the delinquent royalties as they became due monthly under the terms of the written contracts signed by the parties.

Plaintiff also seeks to have defendant required by judgment to deliver back to the plaintiff three attachments furnished defendant for making the baskets. The value of each attachment is laid in the complaint at $1,000. Defendant, by its answer, presented four defenses. The first was that the complaint failed to state a claim upon which relief could be granted. The second defense admitted certain allegations in the complaint and denied others. The third defense, which was the principal if not the sole defense, alleged that prior to February 1952, a dispute existed between plaintiff and the defendant as to the amount due plaintiff and on February 14, 1952 the defendant tendered its check in full satisfaction and settlement "for the entire account owing to the plaintiff", which check was in the sum of $5,817.88; that plaintiff accepted that check and subsequently demanded the sum of $453.84 in addition to the sum of $5,817.88 theretofore accepted by the plaintiff and that defendant, contending that the check had been tendered by and accepted by plaintiff in full accord and entire satisfaction of the entire amount in controversy between them, declined to pay the additional demand of $453.84.

The fourth defense alleged that under the terms of the agreement under which defendant paid the sum of $5,817.88, the plaintiff had agreed that the attachments for making the patented baskets, which had been furnished to defendant by the plaintiff, should remain the property of the defendant and that plaintiff was not entitled to recover for or have possession of said attachments.

A trial was had to the Court without a jury April 23, 1953.

On the stipulation of facts entered into by the parties and the testimony heard, the Court makes the following—

## Findings of Fact

1. As stipulated by the parties, defendant agreed to pay plaintiff royalty at the rate of four cents per dozen baskets manufactured by the defendant.

2. Between September 6, 1947 and January 31, 1950, the defendant manufactured baskets on account of which at the rate of four cents per dozen baskets, the defendant became indebted to the plaintiff in the sum of $7,102.84. This amount includes $453.84, the amount of royalties on 11,346 dozen baskets manufactured by the defendant but which burned at defendant's plant before being sold.

No royalties were paid on baskets manufactured after September 6, 1947, because of the pendency in the United States District Court for the Western District of Michigan, Southern Division, of an action styled Hope Basket Company v. Product Advancement Corporation, 89 F.Supp. 116, affirmed 6 Cir., 187 F.2d 1008 —certiorari denied 1951, 342 U.S. 833, 72 S.Ct. 44, 96 L.Ed. 630, in which the validity of the patents covering the apparatus and method for manufacturing baskets was contested by the plaintiff. At the termination of this litigation and under date of December 19, 1951, the defendant rendered to plaintiff an accounting, which claimed a deduction in the sum of $453.84 on account of the destruction by fire on August 14, 1948, of 11,346 dozen baskets, but the accounting rendered by the defendant, including the item of $453.-84 for burned baskets, aggregated $7,102.-84, the amount claimed by the plaintiff as then due it.

3. J. A. McGill, representing the defendant, and W. E. Hatch, plaintiff's president, conferred about the settlement of plaintiff's demands for royalties. As a result of this conference and on February 14, 1952, defendant sent by mail to plaintiff its check in the sum of $5,817.88, which according to the stipulation entered into by the parties, at the time of the trial "represents sum owing, less 12½% (or the amount of $831.12) and the further sum of $453.84, representing baskets burned while in the hands of defendant." When this check was received by the plaintiff,

it acknowledged by letter receipt of the check and advised that it could not accept it without submitting it to the Board of Directors. Defendant did not reply to this letter and on March 11, 1952, plaintiff again wrote to the defendant saying that it could not pass upon defendant's offered settlement until it had heard from all of its licensees and on the following day, March 12, 1952, plaintiff wrote defendant advising it that royalties for the burned baskets should not have been deducted. On March 26, 1952, plaintiff deposited defendant's check.

4. On the value of the patented attachments, which were in possession of and used by defendant, there was testimony that the value of at least two of the attachments was approximately $1,000 each and the third attachment was reasonably worth $800. This value was disputed by Mr. Ezell, president of defendant corporation.

5. There was no bona fide dispute on February 14, 1952, the date upon which defendant mailed its check to plaintiff in the sum of $5,817.88, with respect to the amount of indebtedness which the defendant actually owed to the plaintiff under the terms of the contract. This sum was $7,102.84. Defendant was proposing to settle this indebtedness by deducting $453.84, the amount of royalties due on the baskets burned and a further deduction of $831.12, which was 12½ percent of the amount owed plaintiff, which Hatch had suggested he would submit to his directors and upon their approval, accept in settlement of the indebtedness.

6. There was a liquidated indebtedness under the terms of the contract between plaintiff and defendant on February 14, 1952. This indebtedness was $7,102.84.

7. The plaintiff, Product Advancement Corporation, is a corporation created under the laws of the State of Michigan and the defendant Paducah Box & Basket Company, is a corporation created under the laws of the State of Kentucky.

## Conclusions of Law

I. There is a serious question as to whether or not the actual amount in controversy in this case, exclusive of interest and costs, aggregates $3,000. Neither party, however, is insisting that the Court lacks jurisdiction and because of the failure of either party to question the jurisdiction of this Court, jurisdiction is assumed of the case because of the diversity of citizenship and the allegations of the complaint with respect to the amount in controversy.

II. The remaining question determinative of the controversy is whether or not there has been an accord and satisfaction by the acceptance by the plaintiff of the defendant's check in the sum of $5,817.88, tendered February 14, 1952, and subsequently accepted by the plaintiff by cashing the check March 26, 1952.

Plaintiff and defendant cite and discuss the Kentucky cases of Cunningham v. Standard Construction Company, 134 Ky. 198, 119 S.W. 765; Hodges v. Daviess County, 285 Ky. 508, 148 S.W.2d 697; Sanders v. Standard Wheel Company, 151 Ky. 257, 151 S.W. 674, 675 and White v. Goodford Motor Company, 296 Ky. 508, 177 S.W.2d 892.

Plaintiff has referred to cases from the Federal Courts, including Vilter Manufacturing Company v. Rolaff, 8 Cir., 110 F.2d 491; Fire Insurance Association, Ltd. v. Wickham, 141 U.S. 564, 569, 12 S.Ct. 84, 35 L.Ed. 860, all of which in substance hold that where the facts show clearly a certain sum to be due from one person to another, a release of the entire sum upon payment of a part is without consideration, and the creditor may recover the difference between the amount tendered and accepted in full satisfaction and the amount due, unless there be a bona fide dispute as to the amount due.

Defendant relies upon Cunningham v. Standard Construction Company, supra, and Sanders v. Standard Wheel Company, supra, both of which cases assert as the rule in substance the above statement and continuing—

"There is nothing to support a consideration in such a case; but an entirely different rule obtains in that

class of cases where the parties do not agree upon the amount of the indebtedness, and in such cases it has uniformly been held that, where a sum less than that claimed by the creditor is offered by the debtor in settlement or satisfaction of the claim, its acceptance and retention by the creditor discharges the obligation, and in such cases the creditor has been denied the right, after accepting the conditional offer, to collect the balance of his debt." [134 Ky. 198, 119 S.W. 767.]

That rule of law is not disputed by the plaintiff in this case, but it insists that no dispute existed. With this view of the case, the Court is in accord.

In the stipulation of facts, which the parties dictated at the time of the trial, the defendant admitted that the amount owing was $7,102.84, the amount claimed by the plaintiff.

The cashing of defendant's check by the plaintiff corporation without explanation by letter of its contention that cashing of the check was merely the acceptance of that amount as a credit on the account, would be entirely sufficient to support a judgment for the defendant, if it had disputed its liability for the burned baskets or for the 12½ percent discount, which it took. It made neither contention. The contract is plain that it had agreed to pay four cents royalty on each dozen baskets. Its own accounting shows the amount of the indebtedness claimed by the plaintiff. Deducting 12½ percent was merely an effort to settle for a discount.

It therefore follows that plaintiff is entitled to recover the balance of $1,284.96, with interest on the royalties as they became due monthly from August 28, 1947 to this date, subject to the credit of $5,817.88 paid as of February 14, 1952 and is entitled to a return of the apparatus and appliances, or in lieu thereof to a judgment in the sum of $2,800.

Judgment in accordance with these findings and conclusions will be tendered by counsel for plaintiff, with notice to defendant's counsel.