**James WEICKERT, Movant,**

v.

**ALLIANT HEALTH SYSTEMS, INC., Respondent.**

**No. 96–SC–693–DG.**

Supreme Court of Kentucky.

Oct. 30, 1997.

Robert M. Klein, Louisville, for Movant.

John V. Hanley, B. Frank Radmacher, III, Hanley & Radmacher, Louisville, for Respondent.

KYLE T. HUBBARD, Special Justice.

This appeal is from a decision of the Court of Appeals which reversed the judgment of the circuit court and remanded the case to the circuit court for a determination of the authority of a bank, an undisclosed agent, to bind its principal to an accord and satisfaction.

The issues are whether a depositary bank, in accepting, endorsing and depositing a check containing a restrictive endorsement that stated it was a full and final settlement of a disputed claim, effected a valid accord and satisfaction that is binding upon its principal, Alliant Health Systems, Inc. ("Alliant"), and whether Alliant properly reserved its right to sue for the balance owed when the check was accepted by its agent.

Appellant, James Weickert, was admitted to a hospital of Appellee, Alliant, where he received medical treatment. After he was released from the hospital, Alliant sent Weickert a bill for $30,082.25 for hospital care and treatment. The hospital's bill gave the following directions, "SEND PAYMENTS TO: Alliant Health System, Dept. 94088, Louisville, Kentucky 40294."

Weickert was insured through the Indiana State Council of Plasterers/Cement Masons. The insurer employed Medical Review Systems to review the medical bill and determine whether the charges were reasonable, appropriate, and within the usual and customary limits. Medical Review Systems concluded that a portion of the bill was unreasonable and advised the insurer to only pay the amount of $25,242.83.

On September 24, 1993, Medical Review Systems sent a letter itemizing the disputed charges to Alliant at the address listed on the bill. The letter notified Alliant that acceptance of the payment amounted to settle-

ment in full of the account. Enclosed with the letter was a check from the insurer payable to Alliant in the amount of $25,242.83. The check had a restrictive endorsement that stated, "FULL AND FINAL SETTLEMENT."

The check was received by Alliant's depositary bank, endorsed, and deposited into Alliant's account. Alliant later sent Weickert a bill for $4,839.42, the difference between the original charge and the amount paid by the insurer. On April 5, 1994, Alliant brought this action against Weickert for the outstanding amount owed on the account.

Alliant contends its agent, the depositary bank, had authority to merely collect deposits and did not have authority to bind it to an accord and satisfaction when it accepted a partial payment. Alliant further contends it reserved its right to sue for the balance of the payment when Alliant later billed Weickert for the amount owed and then initiated this action to collect on the debt some months later.

The Court of Appeals relied on *Elbert v. Louisville Trust Co.*, 265 Ky. 522, 97 S.W.2d 26 (1936), and reversed the judgment granted by the circuit court. The facts in *Elbert* are distinguishable from the facts in the case under consideration. In *Elbert,* the debtor knew payments in cash were to be made to the principal's bank but, after refinancing of the debt, the debtor then tendered discounted notes, bonds and a set-off to the bank as payment on the debt. The court properly determined that an agent merely to collect is authorized to accept nothing but cash, and any other species of settlement, or payment, is beyond the agent's authority and not binding upon its principal. In the case now under consideration, Weickert's insurer mailed a negotiable instrument with a restrictive endorsement to Alliant at the requested address, with a letter disputing the total charges and warning that acceptance of the payment constituted settlement in full of the account. The insurer was not advised that it was dealing with an undisclosed agent, the depositary bank, and properly understood the partial payment would be received, accepted and endorsed by Alliant.

The facts in this case are also distinguishable from the facts in *Ditch Witch Trenching Company of Kentucky, Inc. v. C & S Carpentry Services, Inc.*, Ky.App., 812 S.W.2d 171 (1991). In *Ditch Witch,* the debtor sent the creditor a partial payment and on the memo portion of the check included the words, "CASHING CONSTITUTES PAYMENT IN FULL." The creditor crossed out the "Payment in Full" language, cashed the check and immediately sent C & S a letter notifying it that the check had been accepted as partial payment only of the amount owed. In the case under consideration, neither Alliant nor its agent took steps to immediately and explicitly reserve its rights to sue for the balance of the amount owed. The negotiable instrument was endorsed and deposited into Alliant's account, Alliant used the partial payment for its own purposes and later notified Weickert of the outstanding balance in a monthly statement.

The amount of the bill was subject to a bona fide dispute that was documented in a cover letter sent by Medicaid Review Systems. The insurer tendered a good faith payment as full satisfaction of the claim. The letter and restrictive endorsement contained conspicuous statements which should have adequately warned Alliant, and its undisclosed agent, that acceptance of the payment constituted a full settlement of the account. The payment and letter were sent to Alliant in accordance with the directives stated in Alliant's bill.

It is well established that payments made to an agent who has authority to receive or collect payment is the equivalent to tendering payment to the principal itself. When a principal holds its agent out as having authority, without limitations, to collect payment, and the debtor in good faith relies upon the appearance of authority, the debtor has no burden or responsibility to determine the authority of the agent. 3 Am.Jur.2d, Agency, § 278. Where the agency relationship is admitted, as in this case, a third party who in good faith deals with the agent has a right to presume that the authority of the agency is general, and not limited. 3 Am. Jur.2d, Agency, § 361. If Alliant wanted to consider disputed or partial payments differ-

ently, it should have stated on the bill that communications concerning disputed debts, including an instrument tendered as full satisfaction of a disputed debt, should be sent to a different office and address. If the depositary bank, as an undisclosed agent, exceeded its authority, as contended by Alliant, then Alliant's claim should have been brought against the bank, not Weickert.

This Court has repeatedly held that when a claim is in dispute and the debtor delivers to his creditor a check which he clearly states is in full payment of the claim, and the creditor collects the check without objection, this constitutes a good accord and satisfaction. *White v. Goodford Motor Co.*, 296 Ky. 508, 177 S.W.2d 892, (1944); *Speckman v. Goldberg,* Ky., 343 S.W.2d 577 (1961).

For the reasons stated above, the decision of the Court of Appeals is reversed and the judgment granted Weickert by the circuit court is reinstated.

All concur.

STEPHENS, C.J., concurs in result only.

JOHNSTONE, J., not sitting.