GEORGE A. RUDES ET AL V. ANNIE ROSE FIELD.

No. A-1261. Decided July 2, 1947.
Rehearing overruled July 16, 1947.
(204 S. W., 2d Series, 5.)

134

*Leonard Brown* and *Maxwell Burket,* both of San Antonio, for petitioner.

*T. H. Ridgeway* and *S. D. Hopkins,* both of San Antonio, for respondent.

Mr. Justice Sharp delivered the opinion of the Court.

This suit was brought by Annie Rose Field, as legal guardian of her minor son, William E. Field, Jr., to cancel a lease contract executed by her individually and as "natural guardian of W. E. Field, Jr." The instrument leased a lot and improvements in the City of San Antonio to George A. Rudes and J. M. Sauter for a term of seven years. As ground for cancellation, Mrs. Field alleged that at the time the lease was signed her son was a minor without a legal guardian and she had no authority to make the lease. The trial court upheld the validity of the lease, but on appeal the Court of Civil Appeals held it void for want of authority by Mrs. Field to execute it, and rendered judgment cancelling it. 204 S. W. (2d) 1.

The property was owned by W. E. Field, Sr. and his business partner, Mrs. Anna Marie Schier, a feme sole. The interest of Field was the community property of himself and wife. During the time the transactions here involved took place, Mr. and Mrs. Field, were separated. On July 25, 1941, Mr. and Mrs. Field, Sr., and Mrs. Schier entered into an agreement, as follows:

"This agreement entered into, by, and between W. E. Field and wife, Mrs. W. E. Field, and Anna Marie Schier witness as follows:

"Whereas W. E. Field and Anna Marie Schier are the owners of a piece of property located at the corner of Quintana Road and Main Street in South San Antonio, and whereas these two aforementioned persons are desirous of conveying said property unto William E. Field, Jr., and whereas said property is free of all debts, now therefore,

"It is agreed and understood by and between all three parties hereto that W. E. Field, Sr., does not have the money to pay Annie Marie Schier for her one-half interest in and to said property, and Mrs. W. E. Field does not desire to pay her cash for her one-half interest; it is therefore agreed that for and in consideration of the said Anna Marie Schier's transferring and conveying her one-half interest to W. E. Field, Jr., that the said W. E. Field and wife, Mrs. W. E. Field, hereby agree that an insurance policy will be taken out and assigned to the said Anna Marie Schier as beneficiary, to be paid to her upon the death of W. E. Field, Sr.

"And the said W. E. Field and wife, Mrs. W. E. Field, hereby waive and assign any claim that they have or may have in and

to said policy now or hereafter; said waiver of rights and claims of interest is a waiver of community interest, benificiary interest, and of estate interest.

"It is agreed and understood that this agreement is signed for the sole purpose and consideration of conveying said property in fee simple without any liens to William E. Field Jr., and that the said Mrs. W. E. Field shall have sole management of the said property for the benefit of the said William E. Field, Jr.

"The parties hereto agree that the deed signed as of July 25th and this instrument of even date shall be incontestable."

On the same date, and contemporaneously with and as part of the same transaction, W. E. Field, Sr. and Anna Marie Schier executed a general warranty deed conveying the property in fee simple to William E. Field, Jr. for a consideration of "ten dollars and other good and valuable considerations." It contains no limitations and makes no mention of the quoted agreement. The trial court found that the deed was executed "without reservations for the purpose of carrying out the aforementioned agreement."

On October 8, 1941, Mrs. W. E. Field executed the lease in suit to petitioners. The lease is signed by Mrs. W. E. Field, Sr., individually and "As Natural Guardian of W. E. Field, Jr." The only part of that instrument material to this opinion is the following:

"It is especially agreed and understood by and between the parties hereto that Mrs. W. E. Field is the natural guardian and mother of W. E. Field, Jr., a minor, and that heretofore Mrs. W. E. Field, and W. E. Field, Sr., entered into an agreement to separate and live apart from each other. Said agreement being in writing, and now in the possession of Forrest Bennett, an Attorney of the City of San Antonio, and said agreement contains along with other clauses, a clause and stipulation wherein it is agreed by and between W. E. Field, Sr., and his wife Mrs. W. E. Field, that Mrs. W. E. Field has, and shall have the care, custody and control of their minor child, W. E. Field, Jr., and upon the execution of the above mentioned agreement, W. E. Field, Sr., sold, transferred, and conveyed all of his rights, title and interest in and to the above described real estate to W. E. Field, Jr., and he being the father of W. E. Field, Jr., he also agreed that Mrs. W. E. Field, Sr., should

have control of the said minor child's interest in said property, and should collect the rents and revenues therefrom, and use same for the support and maintenance of said minor child."

On August 28, 1944, Mr. and Mrs. Field were divorced, and Mrs. Field was given the custody of the child. On April 3, 1945, on her own application, Mrs. Field was appointed and qualified as guardian of the estate of her minor son. She thereafter brought this suit as legal guardian of her minor son to have the lease to Rudes and Sauter declared void.

There are no innocent purchasers involved in this suit. We are to decide whether, as between the parties to this suit, the deed and the agreement should be considered together, and, if they are to be so considered, whether Mrs. Field was authorized to execute the lease to petitioners.

Separate instruments contemporaneously executed as part of the same transaction and relating to the same subject matter may be construed together as a single instrument. Puckett v. Hoover, 146 Texas 1, 202 S. W. (2d) 209; Guardian Trust Co. v. Bauereisen, 132 Texas 396, 121 S. W. (2d) 579; 29 C. J. S., Deeds, p. 338, Sec. 91; 16 Amer. Jur., Deeds p. 537, Sec. 175; 14 Tex. Jur., Deeds p. 926, Sec. 147; 10 Tex. Jur., Contracts, p. 286, Sec. 166. The rule relating to the construction of contemporaneous writings is expressed in 14 Texas Jurisprudence, page 926, section 147, as follows:

"That separate deeds constitute one transaction may be shown by parol evidence. They are then to be construed together, even though the result be to modify one of the instruments which, standing alone, would have a different construction. Thus a deed absolute in form, substance and effect has been held to be wholly conditional, the condition being expressed in a contemporaneous contract."

This rule applies to conveyances of realty although they do not expressly refer to the contemporaneous agreement. Puckett v. Hoover, 146 Texas 1, 202 S. W. (2d) 209; Murphy v. Jamison, 117 S. W. (2d) 127 (writ refused); Fleming v. Todd, 42 S. W. (2d) 123 (writ dismissed); Schoellkopf v. Bryan, 284 S. W. 339 (writ refused.)

It was held in Guardian Trust Co. v. Bauereisen, 132 Texas 396, 121 S. W. (2d) 579, that it is proper to consider parol testimony as to the circumstances surrounding the parties out of which the contracts grew, not to add to or vary their terms,

but to apply the contracts to the subjects with which they deal for the purpose of ascertaining the real intention of the parties.

The trial court, sitting without a jury, found that the agreement and the deed were executed simultaneously, and that the execution of the deed was dependent on the execution of the agreement by Mrs. Field; that the two instruments were executed solely for the purpose of providing a means or method for the support of the child during his minority; that the two instruments were based on mutual and dependent promises; that the conveyance was made on the express condition that Mrs. Field would assume the sole management and control of the property and collect the rents and revenues for the benefit of her son during his minority; and that, had it not been for the agreement, the deed would not have been executed. The trial court concluded, (1) that the agreement and the deed were executed contemporaneously as a part of one transaction, and should be construed as a whole; and (2) that Mrs. Field was authorized to execute the lease to petitioners.

The undisputed testimony shows that Mr. Rudes had been a tenant of Mr. Field for three years prior to July 25, 1941; that he wanted a lease on the premises because he wanted to make some permanent improvements at his own expense; and that when he went to see Mr. Field about a lease, the latter told him that the property had been turned over to Mrs. Field and that he had to get the lease from her. The testimony further shows that there was considerable discussion, before the instruments were executed and that all the parties understood that the legal title was to be placed in the minor son, but because of his minority his mother was to have the exclusive control and management of the property.

The testimony also shows that Mrs. Field has collected the rents on the property since the agreement was made in July, 1941, up to the time of the suit. She therefore collected the rents for some months after she became a feme sole by virtue of her divorce, and accepted them up until the time she qualified as legal guardian of her son's estate. She testified that while she received checks from Mr. Rudes in payment of the rent from and after the time she qualified as legal guardian, she has not cashed them and has not returned them to Mr. Rudes.

It clearly appears that it was the intention of Mr. and Mrs. Field, as well as of Mrs. Schier, owners of the property in suit, to place the title in the name of the infant son of Mrs. Field

and to give her the power to manage and lease the premises for the sole purpose of contributing to the support and maintenance of the child during his minority, and that the agreement and deed were made in contemplation of the divorce of the grantee's parents, who at the time were separated.

The trial court correctly construed the instruments involved here, and sustained the lease executed by Mrs. Field to petitioners. The Court of Civil Appeals erred in holding to the contrary. Since the judgment of the trial court is sustained, it is not necessary to pass on the other questions raised.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered July 2, 1947.

Rehearing overruled July 15, 1947.