### ENSLEY v. SPICKARD et al.
#### No. 14235.

Court of Civil Appeals of Texas. Dallas.

July 7, 1950.

Rehearing Denied Sept. 29, 1950.

Johnson & Rembert and Thos. R. Hartnett, III, all of Dallas, for appellant.

C. C. Renfro, Dallas, for appellees.

YOUNG, Justice.

Appellee, joined by her husband A. W. Spickard, instituted this suit against appellant Ensley seeking judgment declaring void and of no effect Ensley's deed of trust lien against their Highland Park homestead property. Defendant answered in cross action on above $8,000 note, later waiving claim of lien; in the alternative, however, asserting an equitable lien on the property in amount of $10,000. On hearing to the court, judgment was rendered favorable to the Spickards and against Ensley's cross action except as to the note, interest and attorney's fees, from which adverse ruling this appeal is taken.

Appellant alleged as basis of claimed equitable lien the following: That in 1947 A. W. Spickard was President of Spickard Tire and Supply Company, with Ensley and another the only stockholders; that in May or June of said year Spickard illegally, and without authority, knowledge or consent of the remaining stockholders, had withdrawn $10,000 of corporate funds and applied same as a down payment on the Highland Park property; that though the legal title to said property was in the Spickards, the result was an equitable lien thereon in favor of the corporation to the extent of said payment; that in the 1949 dissolution of the corporation, Ensley had been assigned all of its rights and obligations, inclusive of aforesaid equitable or constructive lien.

The following facts, bearing on appellant's above contention, were the subject of stipulation between the parties: "(1) That plaintiff A. W. Spickard as President of the Spickard Tire and Supply Company, a Delaware corporation, borrowed $10,000.00 from the Spickard Tire and Supply Company sometime in May or June, 1947. (2) That A. W. Spickard applied this same $10,000.00 as a down payment on Lot 35, in Block 106, of Highland Park West, 8th Installment, an addition to the Town of Highland Park, according to the map or plat thereof recorded in Vol. 7, page 61, Dallas County Map Records. (3) That at the time A. W. Spickard borrowed said $10,000.00, the Board of Directors did not meet and formally take action approving such loan. (4) That January 18, 1949, A. W. Spickard, L. H. Ensley and Robert Eubank, owners of all the capital stock of Spickard Tire and Supply Company, at an annual meeting of the stockholders thereof, adopted a motion to the effect that the corporation be dissolved as of December 31, 1948. In said stockholders meeting it was disclosed that A. W. Spickard was indebted to the Spickard Tire and Supply Company in a sum in excess of $10,000.00; that it was mutually agreed that the Spickard Tire and Supply Company should be dissolved and liquidated, and in settlement of the indebtedness of A. W. Spickard to the company, it was agreed that L. H. Ensley would be assigned all of the property rights and obligations of the company, and that in addition A. W. Spickard agreed to execute a promissory note in the sum of $8,000.00 payable to L. H. Ensely in six months; that A. W. Spickard and Beatrice L. Spickard executed a deed of trust for the benefit of L. H. Ensley conveying to L. H. Ensley in trust Lot 35, in Block 106 of Highland Park West, 8th Installment, an addition to the Town of Highland Park, Texas, according to the plat thereof recorded in Vol. 7, page 61, of the Map Records of Dallas County, Texas, as security for the aforementioned promissory note. (5) That at the time A. W. Spickard borrowed said $10,000.00 from Spickard Tire and Supply Company, he was in sole charge of the company and custodian of such money and other funds of the company."

A. W. Spickard, the sole witness testifying herein, stated that the $8,000.00 note was executed to evidence "the final indebtedness that I owed the corporation at time the corporation was dissolved and he (Ensley) took over the assets." Also, that on delivery of above note to Ensley the $10,000 note was destroyed.

In appellant's single point, complaint is made of the court's refusal to impress an equitable lien on the Highland Park realty because of the 1947 transaction when Spickard borrowed $10,000 from his corporation and used same in the purchase of the mentioned property; the argument advanced in support thereof being, as we understand it, that the $8,000 note executed in January 1949 cannot be held to extinguish the pre-existing debt of $10,000 in absence of an agreement to that effect. There is no evidence that the $8,000 note was in renewal and extension of the earlier obligation or thereby had any connection with the acquisition of appellees' homestead. On the other hand, said $8,000 note appears herein to be but part of a larger transaction, being accepted "in settlement of the indebtedness of A. W. Spickard to the Company * * *." This quoted language can have no other meaning than that all indebtedness of Spickard

(some $34,000) to the corporation was thereby satisfied and extinguished,—which would include aforesaid lien. "An agreement between two parties to give and accept something of value in satisfaction of a right of action which one has against the other is an accord, and the execution of this agreement is a satisfaction. The term 'accord and satisfaction,' therefore, applies to the completed transaction, and constitutes a bar to any action on the original contract." Buford v. Inge Construction Co., Tex.Civ.App., 279 S.W. 513, 515. Minchen v. Vernor's Ginger Ale Co. of Houston, Tex.Civ.App., 198 S.W.2d 613.

Judgment of the trial court is affirmed.