**GEORGE LINSKIE COMPANY, Inc.,**
**Petitioner,**

v.

**MILLER–PICKING CORPORATION,**
**Respondent.**

**No. B–2328.**

Supreme Court of Texas.

Jan. 20, 1971.

Rehearing Denied Feb. 24, 1971.

———◆———

Grady, Johnson, Smith & Blakeley, Robert C. Johnson, Dallas, for petitioner.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., and Mike Joplin, Dallas, for respondent.

DANIEL, Justice.

This is a suit on a sworn account in which the trial court rendered a partial summary judgment for defendant based on accord and satisfaction as to the major portion of the account, and a judgment for plaintiff, based on a jury verdict, for the remainder of the account. The Court of Civil Appeals affirmed except as to the trial court's holding that no attorney's fees were recoverable. The latter issue was severed and that portion of the cause was reversed and remanded. 456 S.W.2d 519.

We sever, reverse and remand as to that portion of the cause covered by the partial summary judgment and affirm the judgment of the Court of Civil Appeals as to the remainder of the cause.

The suit was filed by George Linskie Company, Inc., a mechanical contractor, against Miller-Picking Corporation, an air conditioner manufacturer, for labor performed and materials furnished to correct defects in several large air conditioning units. The self-contained and packaged units were manufactured by defendant, Miller-Picking, for plaintiff, Linskie, to be installed on the roof of a new building under construction for Taylor Printing Company in Dallas. The parties will be referred to as in the trial court.

Defendant warranted the working condition of the units and agreed to test them after installation. During, or soon after installation, numerous defects were discovered. Rather than using its own personnel or a third party to correct the defects necessary to comply with its warranty, defendant made an arrangement with plaintiff to furnish materials and make the repairs from time to time as defects were discovered.

The sworn account of plaintiff covers thirteen invoices for labor performed and materials furnished for the benefit of defendant at various intervals from October 31, 1966 to July 18, 1967. The first twelve of the invoices, totaling $13,886.51, were received by defendant without any expression of objection until after the work was completed. Thereafter, on July 25, 1967, they were the subject of a letter from defendant to plaintiff reviewing all the invoices, disputing certain items, allowing others, and enclosing a check for $5812.80 to cover the items on which defendant admitted payment was due. The trial court, on motion for partial summary judgment, held that this letter and the enclosed check was tendered and accepted in full satisfaction of the remainder due on the first twelve invoices and constituted an accord and satisfaction.

■ We do not agree with the holding of the trial court and the Court of Civil Appeals that the letter and acceptance of the check conclusively establish an accord and satisfaction as a matter of law. The check had no notation as to what it covered. The amount was simply a total of the items which defendant admitted to be due in the letter of July 25, 1967. The

three page letter from defendant's manager of service to plaintiff's president is set forth in full in appendix to the opinion of the Court of Civil Appeals (456 S.W.2d 523–524). It begins as follows:

"Dear Mr. Linskie:

"Here is our analysis of your invoices dealing with the Taylor Publishing Company project. Enclosed with this letter is a check to cover those expenses covered by our standard product warranty. We are also honoring a number of invoices not covered by the warranty as an indication of our policy to stand behind our product."

The letter then proceeds to analyze and discuss each of the invoices and states which ones will be honored in full and reasons why "we do not feel" certain portions of others "can be considered our responsibility," or "we feel" or "in our judgment" other items are not properly charged against defendant. It states exactly what portion of each invoice is being included in the enclosed check and that the remaining portion is not included. It does not contain any statement that the check is tendered in full satisfaction of the twelve invoices. In fact, it asks for a further explanation of three small vendor invoices attached to Invoice No. 2386. The concluding paragraph contains this statement: "We feel that this total payment of $5,-812.80 for charges against the project through April 25, 1967 is quite equitable."

This letter is sufficient to indicate that a dispute had arisen as to the amount due on some of the invoices, but beyond that it was conciliatory in nature and did not state positively that defendant would pay no more than the amount of the check enclosed. It clearly stated that the check was to cover the "allowed" or undisputed items and that it did not cover or include those items which defendant disputes. It does not say or infer that plaintiff should not cash the check unless plaintiff was willing to accept it in full settlement of the listed invoices.

In opposition to defendant's motion for summary judgment, plaintiff filed an affidavit of its president, George A. Linskie, stating that he interpreted the letter to mean that the check was in payment only for the items which defendant admitted owing; that the items in dispute were not covered by the check; that before cashing the check he was not informed of defendant's subsequent claim that it was intended to be in full settlement; that plaintiff intended to and did accept the check as a partial payment "and applied the payment as instructed by defendant's letter to satisfy the items defendant admitted owing." Plaintiff further alleged by supplemental petition that it understood from the letter that "payment of the check would eliminate the admitted items from the controversy and that the disputed items would be subject to future negotiation and litigation."

We hold that the letter was susceptible of the construction given it by plaintiff, and therefore it cannot be said as a matter of law that there was a meeting of the minds sufficient to constitute a new contract that the lesser sum would be accepted in full satisfaction of both the disputed and undisputed portions of the invoices.

The burden was upon defendant as the movant for a partial summary judgment to conclusively establish the affirmative defense of accord and satisfaction. The tests in cases of this nature are set forth in Jenkins v. Henry C. Beck Company, 449 S.W. 2d 454 (Tex.Sup.1970); H. L. "Brownie" Choate, Inc. v. Southland Drilling Co., 447 S.W.2d 676, 679–680 (Tex.Sup.1969); and Industrial Life Insurance Company v. Finley, 382 S.W.2d 100, 104–106 (Tex.Sup. 1964). In the Beck case, in order to support a summary judgment of accord and satisfaction, this Court held:

"There must be an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. It has been said that the conditions must be made

plain, definite and certain * * *; that the statement accompanying the tender of a sum less than the contract price must be so clear, full and explicit that it is not susceptible of any other interpretation."

The summary judgment record in this case does not meet the foregoing requirements. Here, the defendant tendered a check for the amount which it claimed to be due, which was less than the amount plaintiff claimed to be due. Although defendant declared that the lesser sum was all that was due, its acceptance by plaintiff did not constitute an accord and satisfaction, because defendant did not make known to plaintiff in clear and unmistakable terms that the tender was intended to be made upon the condition that its acceptance would constitute full satisfaction of all pending claims discussed in the letter of July 25, 1967. Clearly, the tender here is susceptible of other interpretations, including plaintiff's interpretation that it was to be applied to cover the undisputed items and that the disputed items would be the subject of further negotiation or litigation.

■ As to the judgment for plaintiff for $3,028.81 on the final invoice submitted after April 25, 1967, defendant insists that the trial court erred in admitting evidence relating to the previous work and invoices. This evidence was admissible as to the general understanding, contracts and course of conduct between plaintiff and defendant. Without objection, the trial court submitted to the jury issues inquiring whether this course of conduct between September 1, 1966 and July 6, 1967 led plaintiff to believe that defendant would pay for the items included in the last invoice; whether plaintiff relied thereon; and whether plaintiff would have furnished the services and materials without such belief and reliance. They were answered in favor of plaintiff. We agree with the Court of Civil Appeals that the admission of this evidence does not reflect reversible error and that this severable portion of the trial court's judgment should be affirmed.

■ Defendant also insists that the Court of Civil Appeals erred in holding that attorney's fees are recoverable on that part of plaintiff's claim for "materials furnished" for correction of defects in the air conditioning units. This contention is based on the holding in Tenneco Oil Co. v. Padre Drilling Company, Inc., 453 S.W.2d 814, 821 (Tex.Sup.1970), that attorney's fees were not recoverable by Padre because the materials were not furnished by Padre to Tenneco, but were purchased for its own use in performing the drilling contract. We agree with the Court of Civil Appeals that the present case is distinguishable, because there was no agreement shown for a "turn-key" job on repair of the air conditioners. Here the materials were furnished for the use and benefit of defendant and at its special instance and request as "material supplied on this job for this corrective work." On oral argument, counsel for defendant conceded that if these materials had been furnished by a third person and defendant had failed to pay, attorney's fees would be recoverable under Vernon's Ann.Civ.St. article 2226. We see no difference merely because the materials were furnished by plaintiff instead of a third party.

For the reasons stated, the judgments of the courts below in favor of plaintiff for $3,028.81 are affirmed. The judgment of the Court of Civil Appeals severing the issue of attorney's fees and reversing and remanding this issue for trial is affirmed. The judgments of the courts below with respect to the claims and issues covered by the partial summary judgment are reversed, the issues presented therein are severed, and that portion of the cause is remanded for trial along with the issue of attorney's fees. The costs of the appeal from the judgment of the trial court are adjudged against defendant Miller-Picking Corporation.