Grover PICKERING, Appellant,

v.

FIRST GREENVILLE NATIONAL BANK, Appellee.

Nos. 18057 and 18058.

Court of Civil Appeals of Texas, Dallas.

April 19, 1973.

Rehearing Denied May 24, 1973.

C. V. Flanary, Paris, Samuel D. McDaniel, Austin, for appellant.

Allen Clark, Clark & Clark, Greenville, for appellee.

CLAUDE WILLIAMS, Chief Justice.

These consolidated appeals were formerly before this court on the question of venue. Pickering v. First Greenville Nat'l Bank, 479 S.W.2d 76 (Tex.Civ.App., Dallas 1972). Thereafter the cases came on for trial before the District Court of Hunt County, Texas. The court sustained motions for summary judgment filed by the bank and rendered judgment against Pickering in both cases. We affirm.

In Cause No. 32,190 in the district court (being numbered 18,057 in this court) the bank sued upon a promissory note dated April 8, 1970 in the principal sum of $1,505.63, due ninety days after date, and being signed by one George Burnett and endorsed on the reverse side thereof by Grover Pickering. Burnett defaulted and made no appearance. Pickering, in his first amended original answer, admitted that he had placed his name on the note in question but denied that he had executed the same as an endorser. He alleged that he had merely put his name on the reverse side of the note as a witness to a cash payment to Burnett of the sum of $1,500. Pickering also pled that there had been an accord and satisfaction which had completely eliminated any liability on his part toward the bank.

In Cause No. 32,191 in the district court (being No. 18,058 in this court) the bank sued Pickering upon a written guaranty agreement whereby Pickering had guaranteed the payment of a written promissory

note dated February 17, 1970 executed by one Allen Goldsmith, payable to the bank, in the principal amount of $6,000 and due six months after date. It was alleged that Goldsmith resided outside the State of Texas and was insolvent. Pickering answered this suit by alleging (1) accord and satisfaction and (2) fraud and misrepresentation which caused him to sign the guaranty agreement.

In each case the bank filed its motion for summary judgment and attached thereto verified copies of the note and guaranty agreement sued upon. Also attached to the motions were affidavits of the president of the bank in which he stated that the instruments were presently owned by the bank. The statement of facts developed in the venue hearing in each case was made a part of the motions for summary judgment and excerpts of Pickering's testimony revealed that he admitted the execution of the instruments and that Goldsmith was a nonresident of Texas.

In each case Pickering filed his answer to the motion for summary judgment stating that his answer in each case, which was incorporated as a part of his answer to the motion for summary judgment, demonstrated the existence of fact issues that would preclude the granting of the motion for summary judgment. Also attached to this answer in each case was Pickering's affidavit as follows:

"BEFORE ME, the undersigned authority, on this day personally appeared Grover D. Pickering, who, being by me first duly sworn, on oath deposes and says:

My name is Grover D. Pickering and I am the same person as Grover Pickering named as defendant in Cause No. 32,190 [and 32,191] on the docket of the 196th District Court of Hunt County, Texas styled First Greenville National Bank vs. George Burnett and Grover Pickering [and Grover Pickering individually]. I have read Defendant's First Amended Original Answer filed in Cause No. 32,-190 [and 32,191] and the statements and averments of fact contained therein are true, and such averments as are made upon information and belief I verily believe same to be true.

/s/ Grover D. Pickering
/t/ Grover D. Pickering

SUBSCRIBED AND SWORN TO before me by the said Grover D. Pickering on this the 6th day of September, 1972, to certify which witness my hand and official seal of office.

/s/ Margaret Jordan
Notary Public in and for
Hunt County, Texas"

In each case the bank filed its motion to strike Pickering's answer to the bank's motion on the ground that the affidavit of Pickering did not comply with Tex.R.Civ. P. 166-A(e). The court sustained these motions.

Appellant Pickering seeks reversal of the trial court's judgment against him in each of these cases on one point of error. He contends that the trial court erred in sustaining appellee's motion to strike his answer to the motion for summary judgment and in granting such motion because in each case there were genuine material issues of fact which would defeat appellee's right to a judgment.

■ An examination of the record convinces us that there are at least two reasons to support the trial court's order striking appellant's answer to appellee's motion for summary judgment. In the first place Pickering's affidavit, which appears at the end of his answer to the motion for summary judgment, wholly fails to comply with the express terms and provisions of Rule 166-A(e) in that there is no affirmative showing that the affidavit was made

on personal knowledge and that the affiant is competent to testify to the matters of fact contained in such affidavit. Such an affidavit is fatally defective and subject to be stricken. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup. 1963); Melody v. Texas Society of Professional Engineers, 421 S.W.2d 693 (Tex. Civ.App., Dallas 1967), and Akins v. Coffee, 376 S.W.2d 953 (Tex.Civ.App., Dallas 1964). It is elementary that one who makes an affidavit must state facts which he knows to be true. An affidavit, such as the one made by Pickering, wherein he, in part, states that he verifies certain matters based upon information and belief does not comply with the requirements of an affidavit.

■ In addition to the foregoing, Pickering's affidavit in opposition to the motion for summary judgment does nothing more than refer back to and adopt his first amended original answer in each case. Pickering makes no effort to set forth in his affidavit in opposition to the motion for summary judgment any facts other than those in his pleadings. Thus his adoption of the pleadings does nothing more than tender such pleadings as summary judgment evidence. The Supreme Court in Hidalgo v. Surety Savings & Loan Ass'n, 462 S.W.2d 540 (Tex.Sup. 1971), held that pleadings, even if sworn, cannot be considered as summary judgment evidence.

■ Even assuming, without conceding, that the trial court was wrong in striking appellant's answer to the motion for summary judgment, such would constitute harmless error for the simple reason that appellant Pickering has wholly failed to allege and support such allegations with competent summary judgment evidence to establish his defense of accord and satisfaction and fraud.

[4–8] In both cases Pickering alleges that he was indebted to the bank in the sum of $15,000; that he agreed with the bank to pay the sum of $6,000 on this indebtedness provided that the bank would not demand that Pickering pay the $1,505.-63 owing by Burnett and the indebtedness owing by Goldsmith. Such pleadings do not satisfy the legal requirements to establish the defense of accord and satisfaction. This defense rests upon a new contract, express or implied, wherein the parties agree to the discharge of the existing obligation by means of a lesser payment tendered and accepted. Our Supreme Court in Jenkins v. Henry C. Beck Co., 449 S. W.2d 454 (Tex.Sup.1970), lays down the essential elements which must be established in order to create the defense of accord and satisfaction. As there stated the evidence must establish an assent of the parties to an agreement that the amount paid by the debtor to the creditor was in full satisfaction of the entire claim. The minds must meet and where resting in implication the facts proved must irresistible point to such conclusion. There must be an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. Such condition must be made plain, definite and certain and must be so clear, full and explicit that it is not susceptible of any other interpretation. There was no pleading of an unmistakable communication to the bank that tender of the lesser sum was upon the condition that acceptance would constitute complete satisfaction of the entire obligation. When analyzed the pleadings do nothing more than state that Pickering agreed to pay a lesser sum upon a larger indebtedness but without complete satisfaction of the original indebtedness. Moreover, an accord and satisfaction must be supported by a consideration. The mere payment and acceptance of a sum of money, less than the amount of the liquidated indebtedness due, in full satisfaction of the debt demonstrates a lack of consideration. 1 Tex.Jur.2d Accord and Satisfaction §§ 13, 14, 15.

**20**

In the case involving Goldsmith and Pickering's written guaranty, appellant attempts to show that the bank induced him to sign the letter of guaranty by fraudulent representation. Here again Pickering has failed to come forward with adequate pleadings of fact to allege the necessary elements of actionable fraud. 25 Tex.Jur.2d Fraud and Deceit § 13. Many of the statements contained in Pickering's answer relating to fraud appear to be based on hearsay and conclusions. We have before us in this case an instrument which is plain and unambiguous on its face so that the parol evidence rule would prohibit us from considering the alleged extrinsic evidence tendered by Pickering.

Being convinced that Pickering has failed to come forward with competent summary judgment evidence which would demonstrate clearly and unequivocally that the bank cannot recover on its causes of action, as a matter of law, we turn now to a consideration of the bank's motions. It is, of course, well established that the burden is on the bank to establish by its summary judgment evidence that it is clearly entitled to the relief sought, as a matter of law. Having carefully considered both motions and the summary judgment evidence supporting same, we are of the opinion and so hold that the bank has fully carried its burden and is rightfully entitled to the judgment rendered by the trial court. In each instance the bank has produced the negotiable notes and guaranty agreement sued upon. In each instance Pickering has admitted his signature as being genuine. Pickering's signature on the reverse side of the Burnett note falls squarely within § 3.402 of Texas Business & Commerce Code, V.T.C.A., which provides that unless the instrument clearly indicates that a signature is made in some other capacity it is an endorsement. The bank is shown to be the holder and owner of the instruments. There is no effort made to plead payment of either obligation. The supporting affidavits meet the requirements of Tex.R.Civ.P. 166–A(e). Appellant's point is overruled and the judgment of the trial court is affirmed.

Affirmed.