Imogene EICKER, Appellant,

v.

O. V. SNIDER and Esta Lee Snider, Appellees.

No. 5371.

Court of Civil Appeals of Texas, Waco.

Dec. 31, 1974.

Rehearing Denied Jan. 30, 1975.

Rogers & Hammond, Mike Rogers, Cleburne, for appellant.

Dan M. Boulware, Cleburne, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Eicker from summary judgment that she take nothing in a suit to set aside and cancel a deed because of fraud.

The problem here is one of accord and satisfaction in the context of a summary judgment.

Plaintiff Eicker sued defendants Snider on December 11, 1973, alleging plaintiff lived in Kansas and defendants in Johnson County, Texas; that until August 25, 1971, plaintiff owned 35 acres of land in Johnson County worth $30,000; that plaintiff didn't know the value of her land; that in June 1971, defendants represented to plaintiff her land was worth $75. per acre, but defendants would pay her more for such land than anyone else, and offered her $3000. for the land; that plaintiff relied on defendants' representations as to the value of the land and agreed to sell defendants the land for $3000. only $1500. of which was paid to plaintiff; that defendants' representations were false; that the land was worth $800. per acre; that plaintiff discovered defendants' representations were untrue in November 1973, and offered defendants the $1500. paid by them back and demanded defendants reconvey the land to plaintiff which defendants refused. Plaintiff prayed for judgment cancelling and setting aside her deed to defendants.

Defendants answered by general denial, and a plea of accord and satisfaction; and on March 20, 1974, filed a motion for summary judgment plaintiff take nothing, alleging the balance due plaintiff under a contract entered on August 25, 1971, was $1500; that defendants tendered such balance by check dated January 16, 1974, which was inscribed *"balance of payment in full for 35 acres of E. Melton Survey, Johnson County, Texas, as per contract dated 8–25–71;"* that plaintiff accepted and negotiated the check; that such constitutes an accord and satisfaction of all claims plaintiff may have against defendants as a matter of law.

Attached to defendants' motion for summary judgment was a copy of the check; and the affidavit of defendant Esta Lee Snider that she is defendant in this cause; that on January 16, 1974, she sent plaintiff a check for $1500. (as above); that plaintiff endorsed and cashed same, and defendants' bank paid same. Copy of the check shows endorsement by "Imogene Eicker" and "Doyle White Trust Account".

Plaintiff filed affidavit of Michael Rogers in opposition to summary judgment that on March 11, 1974, Doyle White plaintiff's attorney had tendered the entire $3000. paid to plaintiff by defendants into the registry of the District Court of Johnson County, which was prior to defendants' motion for summary judgment; and affidavit of plaintiff that she did not accept the $1500. for a dismissal of her suit, but took the check to her attorney who deposited in his trust account and then issued his check for the entire $3000. she had received and tendered it into the trial court. Attorney White's affidavit is substantially to the same effect.

After hearing, the trial court rendered summary judgment that plaintiff take nothing.

Plaintiff appeals on one point: "The trial court erred in rendering summary judgment in favor of (defendants)."

The briefs of both parties state and agree that the principal question between the parties is whether, as a matter of law, defendants' $1500. check tendered to plaintiff, constitutes accord and satisfaction of plaintiff's claim in her suit.

The foregoing question is answered in Jenkins v. Beck, Tex., 449 S.W.2d 454 wherein the court said:

"The burden was upon (defendants) as the movant for summary judgment to conclusively establish the affirmative defense of accord and satisfaction. This defense rests upon a new contract, express or implied, in which the parties agree to the discharge of the existing obligation by means of the lesser payment tendered and accepted. Industrial Life Insurance Company v. Finley, 382 S.W.2d 100 (Tex.Sup. 1964). The evidence must establish an assent of the parties to an agreement that the amount paid by the debtor to the creditor was in full satisfaction of the entire claim. McCarty v. Humphrey, 261 S.W. 1015 (Tex.Com.App. 1924, judgment adopted). The minds must meet and where resting in implication the facts proved must irresistibly point to such conclusion. Simms Oil Co. v. American Refining Co., 288 S.W. 163 (Tex.Com.App. 1926). There must be an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. It has been said that the conditions must be made plain, definite and certain, Clay v. Rossi, 62 Idaho 140, 108 P.2d 506 (1940); that the statement accompanying the tender of a sum less than the contract price must be so clear, full and explicit that it is not susceptible of any other interpretation. Sanders v. Standard Wheel Co., 151 Ky. 257, 151 S.W. 674 (1912); that the offer must be accompanied with acts and declarations which the creditor is 'bound to understand,' Preston v. Grant, 34 Vt. 201 (1861); Crucible Steel Co. v. Premier Mfg. Co., 94 Conn. 652, 110 A. 52 (1920)."

In the case at bar plaintiff's suit was to cancel a deed to 35 acres of land on the ground of fraud. The deed was given on a consideration of $3000. called for in a contract between the parties dated August 25, 1971. Only $1500. of the $3000. had actually been paid by defendants.

After plaintiff's suit is filed and defendants are served they mail plaintiff a check for $1500. marked *"Balance of payment in full for 35 acres of E. Melton Survey, Johnson County, Texas, as per contract dated 8–25–71"*. Plaintiff endorses and cashes such check.

Such falls far short of establishing an accord and satisfaction as a matter of law. Plaintiff's suit was for cancellation of a deed for fraud. The check on its face shows it was for balance of payment due for the 35 acres "as per contract dated 8–25–71". This affirmatively negates any inference that the $1500. payment could be in satisfaction and accord of the suit to cancel the deed for fraud. In any event the communication that the $1500. payment was in settlement of the suit was not "plain, definite, and certain; and was not so clear, full and explicit that it is not susceptible of any other interpretation." To the contrary the notation on the check makes it clear, full and explicit that it was tendered in payment for the amount due under the "contract dated 8–25–71".

Plaintiff's point is sustained. Defendants have not established their defense of accord and satisfaction to plaintiff's suit as a matter of law.

Reversed and remanded.