J. Gordon S. HARRIS, Petitioner,

v.

John D. ROWE, Respondent.

No. B-8284.

Supreme Court of Texas.

July 25, 1979.

Rehearing Denied Feb. 27, 1980.

Thomas P. Earls, Dallas, for petitioner.

R. L. Middleton, Jr., Roger D. Bush, Dallas, for respondent.

CAMPBELL, Justice.

This is a suit by John D. Rowe for damages for breach of a construction contract. The trial court instructed a verdict in favor of J. Gordon S. Harris and rendered judgment that Rowe take nothing. The Court of Civil Appeals reversed the trial court judgment and remanded the cause for retrial. 576 S.W.2d 172. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

Harris, by written contract dated February 26, 1976, agreed to construct Rowe a house for $96,760. The house was to be completed by September 8, at which time the transaction was to be closed and Harris was to convey the completed house and lot to Rowe. At Rowe's request, an earlier closing date of July 7 was arranged. On this date some construction items were not completed, but Harris and Rowe continued with the closing with the understanding that Harris would complete the construction within 30 days.

On July 7 at closing, the property was conveyed by a general warranty deed, and Harris and Rowe executed the following written agreement pertaining to the incompleted work:

### "ESCROW AGREEMENT

"It is agreed by the undersigned parties to this transaction that the sum of $775.00 will be held in escrow by said Southwest Land Title Co., and the remainder of the proceeds, if any, are to be disbursed at this time. The funds escrowed hereunder are to be held in the amounts and until the following has been accomplished, to-wit:

| | |
|---|---|
| $500.00 | for items included on the attached list |
| 200.00 | for repair of the fireplace mantel |
| 75.00 | for repair of front door |
| $775.00 | Total |

"Southwest Land Title Co. is authorized to hold said deposit in escrow until the purpose of this agreement has been complied with at which time the deposit will be paid to J. Gordon S. Harris provided said Southwest Land Title Co. has received written approval of such payment from all parties to this agreement.

"In the event said written approval has not been received on or before 30 days from this date, then, a representative of Southwest Land Title Co. shall have access to said property to make inspection of same, and will be authorized to make disbursement after the above mentioned work has been completed.

"No liability or expense shall accrue against Southwest Land Title Co. by vir-

tue of said company acting as escrow agent."

Attached to this agreement was another page in Rowe's handwriting, and initialed by both Harris and Rowe. This instrument, executed simultaneously with the Escrow Agreement, provided:

"The amount of $500.00 will be put in escrow and remain for 30 days for following work to be completed. At end of 30 days any work not completed to owner's satisfaction will be considered not completed and payment allocated for those items will be paid to John D. Rowe.

| | | |
|---|---|---|
| $150.00 | 1. | Complete all paint, patching, touch-up finishing of cabinets, shelves, cleaning of F/place, brushing all cedar. |
| $150.00 | 2. | Install vents, replace all cedar stripping under doors, repair facer board over family room, replace ft. door knob, patio knob, replace board on said patio. |
| $100.00 | 3. | Complete yard work. |
| $100.00 | 4. | Repair driveway. |
| $500.00 | | |
| $200.00 | 5. | Repair or replace mantel. |
| $ 75.00 | 6. | Repair or replace ft. door trim & paint. |
| $775.00 | | Total. |

John R.

C. R.

J. H."

Rowe paid $775.00 to Southwest Land Title Co. pursuant to the Escrow Agreement. Harris was paid the contract price less the $775.00.

Harris did not and has not completed the work. Rowe requested Southwest Land Title Co. to pay him the $775.00 held in escrow; however, the Title Company took no action and still holds the money. At the completion of the evidence Harris made a conditional tender of the $775.00 provided that Rowe did not recover judgment against Harris. Southwest Land Title Co. is not a party to this suit.

Rowe sued for damages for breach of the February 25 contract, and for treble damages and attorney's fees under the Deceptive Trade Practices Act. Harris pleaded by way of defense that Rowe and Harris had reached an accord and satisfaction con-

cerning the complaints made by Rowe, and also that the original contract had merged into the warranty deed executed and delivered by Harris to Rowe on July 7.

Trial was to a jury. After both sides had rested, the court instructed a verdict for Harris and rendered judgment that Rowe take nothing.

Rowe, appellant in the Court of Civil Appeals, contended that the evidence raised material fact issues which should have been submitted to the jury on (1) the doctrine of accord and satisfaction and (2) merger.

The Court of Civil Appeals, in ruling on the defensive plea of accord and satisfaction, considered this question: "Does the Escrow Agreement, without the payment of the $775.00 in question, constitute an accord and satisfaction as a matter of law." The court held that accord and satisfaction, being dependent upon agreement, only occurs when the parties mutually assent to it and this presents a fact question; that there is nothing in the language of the Escrow Agreement which provides the agreement constitutes an accord and therefore it is the duty of the trial court to determine the intent of the parties.

The court also held the Escrow Agreement was ambiguous because (1) on the first page it provides $775.00 is to be held in escrow but the second page provides only $500.00 is to be held in escrow; (2) the first page provides $775.00 is to be paid to Harris if the work is completed within 30 days to Rowe's satisfaction, but makes no mention of what would happen if the work was not satisfactorily completed within 30 days; and (3) the second page provides $500.00 will be held in escrow, but then $775.00 in work is totaled, making it impossible to tell which $500.00 worth of work is referred to. After concluding the Escrow Agreement is ambiguous, the court held a fact question existed as to the intent of the parties.

On the defense of merger the Court of Civil Appeals held the application of this doctrine depends upon the intention of the parties, and this presents another fact question. Therefore, the court stated it could not as a matter of law hold the doctrine of

merger bars Rowe's cause of action under the original contract.

We disagree with the holdings of the Court of Civil Appeals.

■■■ The burden is upon Harris to establish the affirmative defense of accord and satisfaction. This defense rests upon a new contract, express or implied, in which the parties agree to the discharge of an existing obligation in a manner otherwise than originally agreed. The tender of the alternate satisfaction is upon the condition that the acceptance will constitute a discharge of the underlying obligation. *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454 (Tex.1969). An "accord" is in essence a contract or agreement, and "accord and satisfaction" is founded on and dependent on, and results from a contract, express or implied between the parties. *Ortiz Oil Co. v. Geyer*, 138 Tex. 373, 159 S.W.2d 494 (1942).

■■■ We do not agree a fact question is presented in the construction of the escrow agreement. Interpretation of a contract becomes a fact issue to be resolved by extrinsic evidence only when application of pertinent rules of construction leaves a genuine uncertainty as to which of two meanings is proper. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154 (1951). Where a question relating to the construction of a contract is presented to this Court, we will consider the wording of the instrument, in the light of surrounding circumstances, apply the appropriate rules of construction and settle the meaning of the contract. *See: City of Pinehurst v. Spooner Addition Water Company*, 432 S.W.2d 515 (Tex.1968).

■■■ After applying these rules of construction we find the escrow agreement to be certain in its meaning. The primary object of courts in construing written contracts is to arrive at the intention of its parties. *Skelly Oil Co. v. Archer*, 163 Tex. 336, 356 S.W.2d 774 (1962). Separate instruments contemporaneously executed as a part of the same transaction and relating to the same subject matter may be construed together as a single instrument. *Rudes v.*

*Field*, 146 Tex. 133, 204 S.W.2d 5 (1947). No principle of interpretation of contracts is more firmly established than that great, if not controlling, weight should be given by the court to the interpretation placed upon a contract of uncertain meaning by the parties themselves. Courts rightfully assume that parties to a contract are in the best position to know what was intended by the language employed. *James Stewart & Co. v. Law*, 149 Tex. 392, 233 S.W.2d 558 (1950). The court should adopt the construction of the instrument as placed upon it by the parties unless there is clear language in the instrument indicating an intention to the contrary. *Col-Tex Refining Co. v. Coffield & Guthrie, Inc.*, 264 S.W.2d 462 (Tex.Civ.App.—Eastland 1954, writ ref'd). If a contract is susceptible of two constructions, one of which would render it valid and the other invalid, construction validating it must prevail. *Dahlberg v. Holden*, 150 Tex. 179, 238 S.W.2d 699 (1951).

After applying the above rules of construction, we find Harris and Rowe intended that $775.00 be placed in escrow because this is the amount that Rowe, without objection, deposited with Southwest Land Title Co. We also find, by construing the two instruments together, the Title Company was to pay this money to Rowe if Harris did not complete the work within 30 days.

■■■ We find the agreement of July 7 constituted an accord and satisfaction and is a bar to a suit for damages on the February 25 contract for any items included in the agreement. An accord and satisfaction constitutes a bar to any action on the original contract. *Ensley v. Spickard*, 232 S.W.2d 780 (Tex.Civ.App.—Dallas 1950, writ ref'd). Rowe may recover only the $775.00 held by the Title Company pursuant to the agreement.

■■■ The doctrine of merger is not applicable in this case. While it is a general rule that a deed made in full execution of a contract of sale of land merges the provisions of the contract, there are exceptions to this rule. A deed which constitutes only partial performance of the preceding con-

tract does not merge other distinct and unperformed provisions of the contract. A contract of sale which provides for the performance of acts other than the conveyance remains in full force and effect as to such other acts. *Sanchez v. Dickinson*, 551 S.W.2d 481 (Tex.Civ.App.—San Antonio 1977, no writ). A contract for the sale of land which creates rights collateral to and independent of the conveyance, such as completion of construction or escrow agreements pending construction, to that extent survives a deed that is silent in respect to the construction or escrow agreement.

■ In this case the recitals in the deed pertained only to the conveyance. The execution of the escrow agreement contemporaneously with the execution of the deed plainly shows Harris and Rowe did not intend to merge the conditions of the agreement into the deed.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

SPEARS, J., dissenting.

SPEARS, Justice, dissenting.

I respectfully dissent.

The real issue in this case is whether the agreement to escrow $775.00 pending completion of the construction constituted an accord and satisfaction as a matter of law. The majority applies accepted rules of construction to hold that it does. I would, applying those same authorities, hold that the thundering silence of the agreement itself, combined with the conflicting expressions of the parties to that agreement, created a fact issue that should have been submitted to the jury.

The trial court, after both sides closed the evidence, instructed a verdict for Harris, the builder. The Court of Civil Appeals reversed and remanded for a retrial, holding that fact issues were presented in several respects. I would affirm the Court of Civil Appeals judgment.

While it is the performance of a promised "accord" that generally constitutes the "satisfaction," a promise alone may be accepted as satisfaction. Whether this be the case depends upon the intent of the parties and whether they mutually assented to it. In *McCarty v. Humphrey*, 261 S.W. 1015 (Tex.Com.App.1924, judgmt. adopted), the court said:

"... accord and satisfaction, being dependent upon agreement, only occurs where the parties mutually assent to it. Their intention is a controlling element. In such a transaction 'there can be no agreement expressed or implied when both parties have no intention to make it, or when one has but the other has not.'"

See also *Anderson Development Co. v. Producers Grain Corp.*, 558 S.W.2d 924, 926–7 (Tex.Civ.App.—Eastland 1977, n. r. e.).

It seems to me that the majority opinion fails to deal adequately with the essential question involving the propriety of the instructed verdict: Was there any evidence of probative force, viewing the evidence in the light most favorable to Rowe, the buyer, disregarding conflicts and testimony adverse to him, and indulging any inference properly drawn from the evidence in favor of Rowe, that is contrary to the instructed verdict? If so, and if reasonable minds could differ, then the instructed verdict was improper and the issue should have been submitted to the jury. *White v. White*, 141 Tex. 328, 172 S.W.2d 295 (1943).

The evidence clearly raises a fact issue about whether the parties intended to create an accord and satisfaction by their agreement of July 7, 1976. The parties themselves gave the only testimony about whether the agreement was intended to be an accord and satisfaction. Their testimony was diametrically opposed.

Rowe testified that he told Harris:

"'I will move in and I will let you complete these items, but as an incentive, to show me that you will complete these items, I would like a monetary amount set aside in an escrow account and at the end of thirty days . . . if you have not completed those items, then that money will be transferred to me.' So originally, I was talking more in terms of

putting an actual dollar amount on the value of those items that were not finished and he wouldn't adhere to it, so we settled on a smaller amount, which is just a token amount as an incentive, which I felt sure that he would complete the work, . . . ."

Harris, on the other hand, testified that he intended that the amounts would be repaid to Rowe "in lieu" of completion. He acknowledged that Rowe had tried to set the figure at a higher level.

This court recently set out the requirements of an accord and satisfaction in *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454 (Tex.1969). In reversing a summary judgment the court declared no accord and satisfaction had been established as a matter of law. We said:

"The burden was upon Beck as the movant for summary judgment to conclusively establish the affirmative defense of accord and satisfaction. This defense rests upon a new contract, express or implied, in which the parties agree to the discharge of the existing obligation by means of the lesser payment tendered and accepted. . . . The evidence must establish an assent of the parties to an agreement that the amount paid by the debtor to the creditor was in full satisfaction of the entire claim. . . . *The minds must meet and where resting in implication the facts proved must irresistably point to such conclusion.* . . There must be an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. It has been said that the conditions must be made *plain, definite and certain,* . . . that the statement accompanying the tender of a sum less than the contract price must be *so clear, full and explicit that it is not susceptible of any other interpretation.* . . . that the offer must be accompanied with acts and declarations which the creditor is 'bound to understand,' . . . ." (Emphasis added.)

In the case at bar, the majority apparently bases its holding upon the written agreement alone in the light of the attending circumstances and disregards the testimony of Rowe. Can it be valid to hold here that the minds "met" where the written agreement is silent on the specific point of a maximum limit of damages if the construction was not completed? If the holding rests on implication, do the "facts proved irresistably point to such conclusion"? Was there an "unmistakable communication"? Was the agreement "so clear, full and explicit that it is not susceptible of any other interpretation"? An examination of the agreement itself, the circumstances and the testimony of intentions, when viewed in the light most favorable to Rowe, raise a fact issue for the jury to determine.

In the instant case, the agreement is just as fairly susceptible to the construction given it by Rowe as it is to that given it by Harris and the majority. Rowe testified that the escrowed $775.00 was merely an incentive for Harris to complete the agreed-upon deficiencies in the new home within thirty days. Rowe recounted that he couldn't get Harris to agree to a greater amount and that the money in escrow was for "token" amounts for the items to be completed. It was never his intention to accept those amounts as "damages," and he really had no expectation that the work would not be completed as agreed.

In *George Linskie Company v. Miller-Picking Corp.*, 463 S.W.2d 170, 172 (Tex. 1971), this court reversed a summary judgment granted on the basis of the existence of an accord and satisfaction as a matter of law. The contractor, Linskie, had accepted and cashed a check for a part of what he sued for as owing. The check had been received by Linskie with a cover letter detailing exactly which portions of each invoice were being rejected. We quoted approvingly from *Jenkins v. Beck,* and reaffirmed the requirement that the party asserting the accord and satisfaction must "make known to [the other party] in clear and unmistakable terms that the tender was intended to be made upon the condition

that its acceptance would constitute full satisfaction of all pending claims . . ." at page 173. Significantly, we pointed out two characteristics of the letter indicating the absence of an accord and satisfaction that apply to the agreement between Harris and Rowe: (1) the letter "did not state positively that the defendant would pay no more than the amount of the check [agreement] enclosed," and (2) "it does not say or infer that plaintiff should not cash the check [sign the agreement] unless plaintiff was willing to accept it in full settlement of the listed invoices." We there held that the letter was susceptible of the construction given it by the contractor, viz., that it was a partial payment and of the undisputed items only, and that it could not be said to constitute an accord and satisfaction as a matter of law.

In the instant case, the agreement is fairly susceptible to the construction given it by Rowe; the majority simply agreed with the construction given it by Harris. Under *Jenkins v. Beck* and its progeny, however, the determination should have been submitted to the jury. *Ives v. Watson*, 521 S.W.2d 930 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Ambox v. Stewart and Stevenson Services*, 518 S.W.2d 428, 434 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.); *Eicker v. Snider*, 517 S.W.2d 926 (Tex. Civ.App.—Waco 1974, writ ref'd n. r. e.); *Charlie Thomas Courtesy Ford v. Sid Murray Agency*, 517 S.W.2d 869 (Tex.Civ.App. —Corpus Christi 1974, writ ref'd n. r. e.); *Texas Gulf Sulphur Co. v. Gladys City Co.*, 506 S.W.2d 281 (Tex.Civ.App.—Beaumont 1974, writ ref'd n. r. e.); *Pickering v. First Greenville Bank*, 495 S.W.2d 16 (Tex.Civ. App.—Dallas 1973, writ ref'd n. r. e.); *Benson v. Travelers Insurance Co.*, 464 S.W.2d 709 (Tex.Civ.App.—Dallas 1971, no writ).